.Per Curiam.

The plaintiff has proceeded by attachment against two ferry boats, the Hoboken and the Manhattan Island, under the act, (1 N. if, L. 130. 2. If. S. 493.) and it appears that *tbese boats ply between the island of New-York and Hoboken, in the state of New-Jtrsey,
The parties are at issue, on a demurrer to the replications, to which various exceptions have been taken ; but, without considering these exceptions, we are of opinion that the plaintiff’s proceedings cannot be sustained, on the ground that the act, and the one amending the same, (sess. 40, ch. 60.) do not extend to vessels of this description.
The first section of the first act extends to ships or vessels of all descriptions, built, repaired, or equipped, in this state, and owned fay any person not resident therein ; and the amend-atory act extends the former act to ships or vessels owned by persons^resident within this state.
*56 The general terms “ ships or vessels of all descriptions, built, repaired, or equipped in this state,” are qualified and restricted by other parts of the acts to such ships or vessels as are built, repaired, or equipped in this state, for the navigation of tire ocean, or, at all events, to such vessels as sail coastwise, from one port to another port.
This, we think, is manifest from all the provisions of the statutes; the fourth section of the first act provides that, upon giving the security therein mentioned, the vessel shall be discharged from tile attachment, and be permitted to proceed on her voyage. The fifth section declares, that the lien shall cease immediately after such ship or vessel shall have left this state; and the amended act provides, that the lien shall, in no case, endure beyond twelve days after such ship or vessel shall leave the port in which the same may have been so arrested. The. first act was confined to ships or vessels owned by persons residing out of the state, which, independently of the other provisions of the act, would operate only on such vessels as performed voyages on the ocean, or from one port to another. The subsequent act, extending the same remedy to ships or vessels owned by persons resident within the state, preserves th§ distinction between vessels that do, and those that do not, leave the port, except temporarily, or for an hoar or two.
This construction gives full effect to the statutes, in the utmost latitude to’ which the legislature intended the remedy, by attachment, should be extended. It embraces ships and ♦vessels of all descriptions engaged in foreign trade, or performing voyages coastwise, from state to state ; but it excludes those boats which paver go out of sight of the port from which they move, and are used merely as ferry boats to cross a river.
The present case comes neither within the spirit or intention of the acts, nor the mischiefs intended to be remedied. We perceive no greater reason for subjecting boats of this description to a lien by attachment, than a wagon or coach, for re pairs done to them.
Judgment for the defendants.