ALBANY,<br>Oct. 1828.<br><br>Walker<br>v.<br>Blackwell.

Judgment for defendant.

---

WALKER and others, owners of the sloop Rochester, *vs.*
BLACKWELL and McFARLAN.

ERROR from the Albany mayor's court. Blackwell and McFarlan caused the sloop Rochester to be attached under the act authorizing the arrest of ships or vessels for debts contracted, &c. (1 *R. L.* 130 *and the act amending the same, Statutes 4th vol. b.* 49,) and exhibited their declaration in the mayor's court of Albany, setting forth, that at the request of W. A., the captain or commander of the sloop or vessel called the Rochester, of 144 tons burthen, the plaintiffs furnished to the sloop or vessel one chain cable, one anchor, one house box and deck roller, of the value of $174; averring that the sloop was at the time commanded by W, A., and that he had neglected to pay the demand. W. Walker and others appeared and put in a plea that the plaintiffs ought not to have or maintain the action against the sloop Rochester, her tackle, apparel, &c. because they say that they are the owners of the sloop, her tackle, apparel, &c., and that at the time of the furnishing the articles, &c., she was used and employed in sailing and plying on the Hudson river between Albany and New-York, within the jurisdiction of the state of New-York, and not elsewhere, concluding with a verification and prayer of judgment. Demurrer and joinder. The mayor's court gave judgment for the plaintiffs on the demurrer, and a writ of error was brought to this court.

*A sloop of a tonnage required to take out a license under the act of congress, employed in navigating the Hudson river between Albany and New-York, may be proceeded against by attachment under the act authorizing the arrest of ships or vessels for debts contracted, &c. (1 R. L. 130. Statutes 4th vol. b. 49.)*

*L. H. Palmer,* for plaintiffs in error. The statutes on this subject do not authorize the arrest of *river craft;* all the terms made use of relate to vessels navigating the seas or leaving the state; many of them are exclusively confined to such vessels, and most of them altogether inapplicable to river craft. The statutes speak of voyages, consignees, mariners, leaving port, &c. &c.

A sloop plying on the Hudson river between Albany and New-York, is not a coasting vessel, nor engaged in the coasting trade or fisheries. The captain is not compelled, under the law of congress, to give an account of the number of seamen employed, nor can he retain out of the wages of the hands $\frac{20}{100}$ per month for the *hospital fund;* nor are the hands entitled to the benefit of the fund, which belongs only to *mariners* and *seamen.* The act of congress passed prior to the cession of Louisiana, giving to sailors navigating the Mississippi the privilege of seamen in relation to this fund, shews, that without that act they would not have had those privileges. The decision of this court in *Birkbeck* v. *The Hoboken Horse Ferry Boat,* (17 *Johns. R.* 54,) is conclusive upon this question.

*P. S. Parker,* for defendants in error. The language of the first act is very broad. Ships or vessels *of all descriptions* are subjected to this proceeding, and the amendatory act, extending the remedy to ships and vessels owned by persons resident within this state, would seem to include all vessels used in this state. The sloop *Rochester,* being above twenty tons burthen, was bound to procure a license as a coasting vessel; she was therefore a coasting vessel, and might perform voyages coast-wise from state to state, at the volition of her owners. The fact of her being employed solely on the waters of this state, did not destroy her character as a coasting vessel; on the contrary, she was so employed for the Hudson river, which she navigated, is an arm of the sea, which any coasting vessel having a license has a right to enter. (3 *Cowen,* 744 *to* 748.) The case in 17 *Johnson* stands not in the way of an affirmance of this judgment; the question there was, whether a ferry-boat plying between New-

York and Hoboken could be attached. The court say that boats which never go out of sight of the port from which they move, and are used merely as ferry boats to cross a river, are not included within the operation of those statutes; but they admit that vessels performing voyages *coast-wise* may be proceeded against; and although they confine such voyages to those which are *from state to state,* it is submitted whether that qualification was necessarily added. The ferry-boat was not compelled to take a licence, being expressly excepted by the 65th section of the act of congress of 18th February, 1793. She was not a coasting vessel, and therefore the cases are not parallel.

*By the Court.* The object of the legislature, in the first act on this subject, (1 *R. L.* 130,) was, to make vessels liable for certain [demands, by allowing a remedy in the nature of admiralty proceedings. The remedy was confined, however, to cases of vessels owned by *non-residents;* and until the passage of the amendatory act of 1817, (*Statutes, vol. 4, b.* 49,) a vessel owned by a resident could not be proceeded against in this manner; but the creditor, who had furnished the supplies or other necessaries, was confined to his personal action to obtain satisfaction of his demand. By that act, the remedy is made general, and ships or *vessels of all descriptions,* are liable to be attached for a debt contracted by the master or commander, owner or consignee, in the *building, repairing, fitting, furnishing* or *equipping* such ships or vessels. It is admitted there are expressions in the statutes which apply exclusively to ships navigating the ocean, sailing from one port to another, and engaged in extensive commercial operations, but such expressions are necessarily used; for the object of the legislature undoubtedly was, to include such vessels. But it does not follow that all other vessels are excluded; on the contrary, the language of the act is sufficiently broad to include the case now under consideration. Supplies were furnished for the fitting and equipping of a vessel, and the debt was contracted by the master or commander; and in such case the remedy is given. By extending the act to vessels owned by residents, a remedy *in rem* is

provided in these cases, and the party is no longer confined to his personal action.   In *Birkbeck* v. *The Hoboken Horse Ferry Boats*, (17 *Johns. R.* 54,) the court held, that the statutes embraced only ships and vessels engaged in foreign trade, or performing voyages coast-wise *from state to state*, and did not extend to boats which never go out of sight of the port from which they move, and are used merely as ferry boats to cross a river.   The judgment in the court below, it is conceived, may well be sustained without trenching on the decision in 17 *Johnson.*   The sloop attached in this case is a coasting vessel. She is of the burthen of 144 tons, of course had, or ought to have had a licence as a coasting vessel, and might have performed voyages coast-wise from state to state, if her owners had seen fit so to employ her, and was, in fact, employed where coasting vesssels have a right to navigate.   In the case of *The Steam Boat Company* v. *Livingston*, (3 *Cowen*, 747,) the court of errors held, that the coasting trade means, amongst other things, commercial intercourse carried on between different districts in the same state, and between different places in the same district, on the sea coast *or on a navigable river;* and that a voyage, in a vessel of suitable tonnage, from New-York to Albany, is as much a coasting voyage, as from Boston to Plymouth or New-Bedford.   If, then, the sloop Rochester is a coasting vessel, and entitled to all the privileges of such a vessel, it is wholly immaterial whether she performs her voyages coast-wise from state to state, or between different places in the same district on a navigable river. The court are accordingly of opinion, that a sloop of a tonnage required to take out a licence under the act of congress, employed in navigating the Hudson river between Albany and New-York, may be proceeded against by attachment under these statutes.   The judgment of the court below is therefore affirmed.