ALBANY,
October, 1830.

Farmers' Delight
v.
Lawrence.

— — ·   — ·— —  —· — ·— ·—   —

## FARMERS' DELIGHT vs. LAWRENCE and SNEDEN.

The acts authorizing *the arrest of ships or vessels*, &c. do not authorize proceedings against *small, open, undecked boats*, employed within a port, and not performing voyages coastwise from state to state, or from one port to another.

The words *ships or vessels*, as used in the statutes, are to be understood as used in common parlance, and apply only to vessels of a larger class.

ERROR from the New-York common pleas. Lawrence and Sneden attached the sloop *Farmers' Delight*, under the acts *authorizing the arrest of ships or vessels for debts*, &c. The owner of the sloop appeared and pleaded; first denying the indebtedness, and secondly that the sloop or vessel "is a small, open, undecked boat, used and employed within the port of New-York, to wit, within the city and county of New-York, and not engaged, used or employed in foreign trade, or in performing voyages coastwise from state to state, or from one port to another port." The plaintiffs demurred to the latter plea, and the common pleas gave judgment in their favor. The owner of the sloop sued out a writ of error.

*J. Wallis*, for plaintiff in error.

*Seaman & Wills*, for defendants in error.

*By the Court*, SUTHERLAND, J. It was held in *Birkbeck* v. *The Hoboken Horse Ferry Boat*, 17 *Johns. R.* 54, that the acts in question were not applicable to *ferry boats* plying across the river from New-York to the opposite

Jersey shore ; and it is remarked by the court that the general terms used in the acts of " ships and vessels of all descriptions, built, repaired or equipped in this state," are qualified and restricted by other parts of the acts to such ships or vessels as are intended for the navigation of the ocean ; or at all events, to such as sail *coastwise from one port to another.* Thus the 4th section of the original act provides, that upon giving security, &c. the vessel shall be discharged from the attachment, *and be permitted to proceed on her voyage.* The 5th section declares that the lien of the attachment shall cease *immediately after such ship or vessel shall have left this state ;* and the act of 1817 provides that the lien shall not endure beyond 12 days after the ship or vessel shall leave the port in which she may have been attached. The court were therefore of opinion that the acts were not applicable to a boat, whose ordinary business was confined to a particular port or place, and out of sight of which it never went, except temporarily, and for a special purpose.

In the case of *The owners of the sloop Rochester* v. *Walker & McFarlan,* 1 *Wendell,* 557, the acts were held to be applicable to a sloop of 144 tons plying between New-York and Albany ; and the court seems to incline to the opinion that they are confined to vessels of a tonnage required by the acts of congress, to take out a license, and actually employed in navigating from one port to another. It never could have been the intention of the legislature to embrace within these acts the innumerable row boats, sail boats, scows and other small craft which crowd our harbors ; they are not within the reason of the law, nor within its terms, as they are ordinarily used. They are not designated as ships or vessels in common parlance ; those terms are usually applied to vessels of a larger class ; and when all the provisions of these acts are considered, I think we are authorized to say that the legislature used them in that sense in the acts in question.

The court below therefore erred, and the judgment must be reversed.