## A DARK COLORED NEWLY DECKED SCOW-BOAT VS. LYNN.

1. ATTACHMENT AGAINST BOATS AND VESSELS.—A scow-boat, belonging to a particular port, and used as a lighter and wood boat in the river and harbor, is not liable to be proceeded against by attachment under the act for the collection of demands against boats and vessels.

2. ACT CONSTRUED.—That act was intended to apply to steam-boats and sail, or other vessels of the larger class, engaged in carrying and transporting persons and property from port to port, and does not embrace scow-boats, ferry-boats and other smaller craft, confined in their use to particular ports or places.

ERROR to the District court for *Milwaukee* county.

*Lynn*, the defendant in error, took out an attachment from a justice of the peace in Milwaukee county, against a scow-boat, under the act to provide for the collection of demands against boats and vessels, for the purpose of collecting a demand for work and labor done on the boat in building it. The boat was owned by *Dousman & Brown*, of Milwaukee. On the trial, the justice gave judgment for the plaintiff for $27.87, from which *Dousman & Brown* appealed to the Milwaukee district court. On the trial of the appeal, it appeared in the evidence for the plaintiff, that the plaintiff had done work and labor on the boat in building it; that the boat was designed and used as a lighter in the river and harbor of Milwaukee, and in carrying out wood to the steam-boats in Milwaukee bay, and was not used in navigation from port to port. The counsel for *Dousman & Brown* moved the court to instruct the jury as in case of a nonsuit, on the ground that the scow-boat was not a boat or vessel within the meaning of the act, and consequently, was not liable to the proceeding; which instruction the court refused to give, and instructed the jury that the scow-boat was a boat or vessel within the meaning of the act, and that the plaintiff should recover if the jury should find that he had performed the work and labor charged in the declaration.

The jury returned a verdict in favor of the plaintiff, upon which the court rendered judgment.

*H. N. Wells*, for plaintiff in error :

The words, "*boat*" or "*vessel*," in the statute are to be governed by the words, "*navigate*" and "*navigation*," which mean, to sail as in ships ; passing from port to port for the purpose of carrying persons or property.   A scow-boat or ferry-boat is not engaged in navigation, in the proper sense of the word, and is not within the meaning of the statute.

Where the proceeding is by attachment under the act, it must be against the boat by name ; this shows that the legislature intended to apply it to a larger and different class of vessels, which in all the civilized world have distinctive proper names.   This scow-boat has no name, it is not sued by name, but by description.   This is a material matter for consideration.   A craft that was too insignificant to have a name, was too unimportant to engage the attention of the legislature.

The statute of the Territory is similar to the statute of New York upon the same subject ; the only material difference is, that in that State the word "*ships*" is used instead of the word "*boats*," as in the act of our legislature. 1 Rev. Stat. N. Y. 130.   The difference in the words can make no difference in ascertaining the meaning of the law.   In that State, the courts have decided in numerous cases, that boats of a much more important class than this scow-boat, were not liable to this mode of proceeding, as not being within the meaning of the law. *Walker v. Sloop Rochester*, 1 Wend. 557 ; *Johnson v. S. B. Sandusky*, 5 id. 510 ; *Farmers' Delight v. Lawrence*, id. 564 ; *Burkbeck v. Hoboken Ferry Boat*, 17 Johns. 54 ; 5 Cow. 564.

There was no appearance for defendant in error.

DUNN, C. J.   The only question to be decided by this court is, whether the scow in question is or not a boat or vessel, within the meaning of the act of the legis-

lature, to which reference has been made. In considering this question we must examine that part of the act which is applicable, and upon which the proceeding in this case is based. In Revised Statutes, page 168, section 1, it is provided: "That every boat or vessel used in navigating the waters of this Territory, shall be liable," etc. Where a law is couched in words of a definite and limited sense, entirely free from ambiguity, and such as cannot be expanded or dilated in their signification, then there is no room for construction or inference from any thing out of the plain import and meaning of the words used. But it does frequently occur that words are used in our statute books which have so very comprehensive a meaning, and may be applied in so many ways, that we are compelled to resort to various aids to enable us to ascertain the meaning intended by the legislature. "Navigating," in the act before us, in its most extended meaning, might embrace all and every description of boat, vessel or water craft employed in floating persons or property upon or over our waters. But we must look to the various provisions of this act, and from the whole taken together, giving to each provision an effective and useful construction, in reference to the evil intended to be prevented, and the remedy to be secured, arrive at such rational conclusion as is warranted by the soundest principles of construction. Thereby we will elicit the intent and meaning of the legislature, and this should always govern in expounding laws which are at all doubtful or ambiguous.

What are the claims which may be proceeded for under the provisions of this act? "1st. For all debts contracted by the master, owner, agent or consignee, on account of supplies furnished for the use of such boat or vessel; on account of work done or services rendered on board of such vessel or boat; or on account of labor done or materials furnished by mechanics, tradesmen or others, in and for building, repairing, fitting out, furnishing or equipping such boat or vessel. 2d. For all sums due for wharf-

age or anchorage of such boat or vessel within this Territory. 3d. For all demands or damages accruing from the non-performance or mal-performance of any contract of affreightment, or any contract touching the transportation of persons or property, entered into by the master, owner, agent or consignee of the boat or vessel on which such contract is to be performed. And 4th. For all injuries done to persons or property, by such boat or vessel." The provisions of a single statute, or one embracing but one subject-matter of legislation, should be, and usually are, consistent, having direct and pertinent relation, the one with the other. In the specification of claims which may be recovered against a boat or vessel, under this act, what reference or application can the words "master," "consignee," "fitting out," "furnishing or equipping," "anchorage," etc., have to a *scow*, used as lighter and wood boat to vessels or steamboats in the river and bay of Milwaukee? Again, it is provided that such claims as have been enumerated may be proceeded for, *against the vessel or boat navigating* the waters of this Territory, *by name*. Immemorial usage has given to commercial or *navigating* boats or vessels a distinctive proper *name*, and to such this provision applies, and not to scows, ferry boats, yawls, arks, flats, canoes, etc., which have technical descriptive names and not *proper names*.

The remedy intended to be afforded to meritorious claimants under this act is obvious. To aid commerce and trade, inducements are held out in the law, to builders, repairers, owners of boat stores, merchants and dealers who wish to contract for carrying freights, to engage and contract with owners, masters, agents or consignees of boats or vessels navigating our waters, and engaged in the carrying and transporting and transportation from port to port, of persons and property, through the prompt remedy given them against the boat or vessel so engaged, *by name*, without compelling them to resort to a suit against the master, owner, agent or consignee,

Scow-Boat vs. Lynn.

who may not be at the time within the jurisdiction of the courts of the Territory where the credit is given. Such a provision would not be necessary in relation to scows, etc., which are not sent from abroad to navigate our waters, but are confined to particular ports or wharves, rarely go out of sight of the port, where they have a special and limited use and are always owned. It is scarcely required further to illustrate or draw the line of distinction, as must have been intended by the legislature. We may be aided, however, by decisions of the highest courts in the States on similar statutes. In the case of *The Farmers' Delight v. Lawrence & Sneeden*, 5 Wend. 564, the court were of opinion, that the New York acts were not applicable to a boat whose ordinary business was confined to a particular port or place, and out of sight of which it never went, except temporarily and for a special purpose. In the case of the owners of the *Sloop Rochester v. Walker & McFarlan*, 1 Wend. 577, the court said : " It never could have been the intention of the legislature to embrace within these acts, the innumerable row boats, sail boats, scows, and other small craft which crowd our harbors ; they are not within the reason of the law, nor within its terms as they are ordinarily used. They are not designated as ships or vessels in common parlance. These terms are usually applied to vessels of a larger class." See *Burkbeck v. Hoboken Horse Ferry-Boat*, 17 Johns. 54 ; and *Johnson v. S. B. Sandusky*, 5 Wend. 510 ; where the same opinion is recognized.

We are therefore, unanimously of opinion, that the district court erred in refusing the instructions asked, and in giving the instructions which it did, and that the decision be reversed, and the cause remanded to the said district court, for such other proceedings as may be proper and legal.