## CITY AND COUNTY OF SAN FRANCISCO v. CALIFORNIA STEAM NAVIGATION COMPANY.

Vessels plying between San Francisco and Sacramento, and San Francisco and Stockton, are liable to the payment of harbor-dues to the city and county of San Francisco.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was an action to recover of defendants a sum of money for harbor-dues in the city and county of San Francisco, imposed upon its vessels plying between San Francisco and Sacramento, and San Francisco and Stockton. Defendants demurred to the complaint, and the demurrer was overruled, and judgment entered for plaintiffs. Defendants appealed.

The acts relied on by respondent impose these dues on all vessels plying coastwise and entering the harbor of San Francisco; and the only question raised on the record is, whether the defendants' vessels are embraced by this definition.

*Delos Lake* for Appellants.

The demurrer should have been sustained:

Because it appears, from said complaint, the said fees were only chargeable upon steamers, etc., plying between San Francisco and other ports "coastwise," and it also appears therefrom that the steamers in question were not so plying coastwise.

For the definition or meaning of the word "coastwise," see 1 McCulloch's Com. Dictionary, 367: "*Coasting-trade.*—The trade or intercourse carried on, by sea, between two or more ports or places of the same country."

Worcester's Dictionary, 133: "*Coast.*—The edge, border, or margin of a country, bounded by the sea; the shore." "*Coast-wise.*—Along the coast."

Webster's Dictionary, (quarto ed.,) 218: "*Coast.*—The edge or margin of the land next to the sea."

It is never used for the bank of a river.

Let it be conceded, as claimed by the respondents, that navigation on the inland waters of the State is, under the laws of the United States, coasting-trade, still that does not meet his case.

The provision of the statute under consideration is, "that on all steamers and sail-vessels plying between San Francisco and other ports, coastwise, the following fees, and no other, shall be chargeable." Stat. of 1852, p. 104, § 6.

If the inland navigation is coasting-trade, it is so because Congress has given a definition to that term ; and had the Legislature said that vessels engaged in the coasting-trade should be subjected to the harbor-charges claimed, it is conceded that this case would be within the law. But it is submitted that the word or term "coastwise" has had fixed to it no definition, either enlarging or qualifying its apt and proper signification, as interpreted by lexicographers. It has, then, no meaning in a statute different from its popular meaning.

In this statute, it is a word of description. "A vessel plying coastwise," that is, along the sea-coast. Until the Legislature or Congress shall enact that the term "coastwise" shall be deemed to mean along the banks of a navigable river, as well as along the sea-coast, we must be content to use the vocabulary with which we are already conversant, and laws should be interpreted accordingly.

*F. A. Fabens* for Respondents.

The allegations in the complaint are that the steamers described therein were engaged in plying between the port of San Francisco and the ports of Sacramento and Stockton, coastwise.

Are steamers plying between these ports properly described as plying coastwise ? Most clearly they are, upon the authority of law-writers, legislative acts, and the decision of Courts upon this subject.

In Benedict's Admiralty, p. 131, § 236, it is said : "The Act for Enrolling and Licensing Ships or Vesssels, to be employed in the Coasting-trade and Fisheries, and for regulating the same," passed February 18, 1793, and the previous Act for Registering and Clearing Vessels, etc., and the Act of March 2, 1819, supplementary to the Acts concerning the Coasting-trade, and the Act of May 2, 1822, for the Collection of Duties on exports and tonnage in Florida, expressly include all the navigable rivers of the United States. See, also, Benedict's Admiralty, 123, 128, 135 ; also, Act of Congress of September 1, 1789, entitled "An Act for Registering and Clearing Vessels, regulating the Coasting-trade, and for other purposes," 1 U. S. Statutes at Large, 55 ; also, the Act amending said Act, passed September 29, 1789, 1 U. S. Statutes at Large, 94, 95 ; also, the Act of Congress, entitled "An Act for Enrolling and Licensing Vessels or Ships, to be employed

in the Coasting-trade and Fisheries, and for regulating the same," passed February 15, 1793, and particularly §§ 14, 15, 16, 17, 18; and 37; of said act, 1 U. S. Statutes at Large, 305; also, Act for Enrolling and Licensing of Steamboats of March 12, 1812, 2 U. S. Statutes at Large, 694; also, Act of May 7, 1822, § 11, 3 U. S. Statutes at Large, 684–5; also, Act supplementary to the Acts concerning the Coasting-trade, passed March 2, 1819, § 1, 3 U. S. Statutes at Large, 492–3, where it.is stated that for the more convenient regulation of the coasting-trade, the sea-coast and navigable rivers of the United States be, and hereby are, divided, etc.  All the acts relating to the coasting-trade are enumerated in note *a* on p. 492, last cited.  See, also, Act of March 2, 1831, regulating the Coasting-trade on the northern, north-eastern, etc., frontiers of the United States, 4 U. S. Statutes at Large; also, Act of July 7, 1838, § 2, 5 U. S. Statutes at Large, 304.

Steamers shall not transport goods, etc., or passengers, upon the bays, lakes, rivers, or other navigable waters of the United States, etc., without a license, etc.

From all the acts above cited, it appears that the trade upon navigable rivers is included under the name of coasting-trade. Vessels engaged in the navigation of rivers are required to be enrolled and licensed for the coasting-trade.  See Act of March 12, 1812; Act of July 7, 1838, before cited.

What is the definition of the coasting-trade, as given in judicial decisions?

In the case of Steamboat Company *v.* Livingston, 3 Cowen, 747, the Court answers the inquiry, what is the coasting-trade? and after refering to the acts of Congress, etc., say : " According to the definition of the coasting-trade, as abstracted from the Act of Congress of February 18, 1793, it means commercial intercourse carried on between different districts in different States, between different districts in the same State, and between different places in the same district, on the sea-coast, or on a navigable river.  Agreeably to this definition, a voyage in a vessel of suitable tonnage from New York to Albany, is as much a coasting voyage as from Boston to Plymouth, or New Bedford.  In both, the termini are in the same State, and within the navigable waters of the United States, though in one the navigation is upon a river—in the other, on the ocean.  In corroboration of this construction, is the fact, that all vessels employed in navigating the river take a coasting-license."

The same point, as to whether a sloop employed in navigating the Hudson from New York to Albany, was a coastwise-trader, was expressly raised in the case of Walker *v.* Blackwell, 1 Wendell, 557.  And it was held that she was a coasting-vessel.  See, also, 1 Kent Com., 437, 438.

A leading case on this same point, and which supports the views here taken on behalf of the respondents, is the case of

Gibbons *v.* Ogden, 9 Wheat., 1 ; see Ch. Justice Marshall's opinion on p. 214, etc. ; see, also, Waring *v.* Clark, 5 How, 441 ; also, Act of Congress, July 20, 1790 ; 1 U. S. Statutes at Large, 135 ; also, Act of May 3, 1802, 2 U. S. Statutes at Large.

But it is argued, on behalf of the appellants, that the term " coastwise," which is used in the act of the Legislature, upon which this suit is brought, has not the same meaning attached to it as if the expression " coasting-trade " had been used.

It is submitted that this argument is not sound ; and that when vessels are described as plying between port and port, coastwise, the meaning is precisely the same as if they had been described as engaged in the coasting-trade between those ports.

In the case of Walker *v.* Blackwell, 1 Wendell, 560, before cited, the phrase performing voyages " coastwise," is used several times in the opinion of the Court as synonymous with the words " coasting-trade." The Court, in speaking of the sloop Roches- ter, trading between New York and Albany, say : " It is wholly immaterial whether she perform her voyage coastwise, from State to State, or between different places in the same district, on a navigable river."

BALDWIN, J., after stating the facts, delivered the opinion of the Court—FIELD, J., concurring.

The acts relied on by respondent impose these dues on all ves- sels *plying coastwise* and entering the harbor of San Francisco ; and the only question raised on the record is, whether the de- fendants' vessels are embraced by this definition.

The terms *"plying coastwise,"* in this connection, and the " coasting-trade," have a settled meaning. They were intended to indicate vessels engaged in the domestic trade, or plying be- tween port and port in the United States, as contradistinguished from those vessels engaged in the foreign trade, or plying be- tween a port of the United States and a port of a foreign country. This is evident from the various regulations of commerce made by acts of Congress and otherwise, and the numerous decisions of Supreme Courts of the Union and of the several States. (See Benedict's Admiralty, 131, 123, 28, 35 ; 1 U. S. St. at Large, 55 ; Ib., 94 ; Ib., 305 ; 3 Ib., 492 ; 5 Ib., 304 ; see, also, 1 Wendell, 557 ; Blackwell *v.* Walker ; Gibbons *v.* Ogden, 9 Wheat., 1.)

In Livingston *v.* Steamboat Company, (3 Cowen, 747,) the Court, giving a definition of the words coasting-trade, say : " According to the coasting-trade, it means commercial inter- course carried on between different districts in the same State, and between different places in the same district, on the sea- coast or on a navigable river. Agreeably to this definition, a voyage in a vessel of suitable tonnage from New York to Albany is as much a coasting-voyage as from Boston to Plymouth, or New Bedford. In both, the termini are in the same State, and

within the navigable waters of the United States; though in one the navigation is upon a river, in the other on the ocean. In corroboration of this construction is the fact that all vessels employed in navigating the river take a coasting-license."

Not less clear and distinct is Chief Justice Marshall's definition in Gibbons v. Ogden.

These authorities, and many more cited by the respondent's counsel, are conclusive of the legal meaning attached to the language criticised when used in revenue and navigation laws, and they are decisive of this case.

Judgment affirmed.