## RAVESIES *v.* UNITED STATES.

*(Circuit Court, S. D. Alabama.* January 30, 1889.)

SEAMEN—SHIPPING COMMISSIONER—FEES—COASTWISE TRADE.

 A vessel engaged in the carrying trade on a navigable river is "engaged in the coastwise trade" within the meaning of the act of June 19, 1886, and the shipping commissioner is entitled to fees for shipping seamen on such vessel.

On Writ of Error to District Court. 35 Fed. Rep. 917.

At law. Action by Paul Ravesies against the United States for fees as shipping commissioner for the port of Mobile. A demurrer to the petition was sustained, and the case is brought up as on writ of error by plaintiff.

*J. L. & T. H. Smith,* for plaintiff in error.

*John D. Burnett,* U. S. Atty.

PARDEE, J. All formalities in the bringing up of this case from the district court having been waived, the case is treated as though regularly brought up on writ of error to the district court. The facts of the case are well stated in the opinion of the district judge, on file in the record, and reported 35 Fed. Rep. 917.

The error assigned in the case, and the only matter presented to this court for decision, is whether the words, "any vessel engaged in the coastwise trade," as used in section 2 of the act of congress approved June 19, 1886, (24 St. at Large, 80,) include vessels engaged in the carrying trade on navigable rivers, or is to be limited to vessels engaged in the carrying trade along the sea-coast. The district judge held, and gave judgment accordingly, that "coastwise trade" means trade or intercourse carried on by sea between two ports or places belonging to the same country, and does not include trade carried on on the navigable rivers. I am inclined to the opinion that this interpretation is too narrow. In the statutes of the United States relating to commerce, navigation, and revenue, the words "coasting trade" and "coastwise trade" are used synonymously. See act April 14, 1874, (Rev. St. §§ 2513, 4358;) 16 Op. Atty. Gen. 247. In the case of *Gibbons* v. *Ogden,* 9 Wheat. 214, it is said by Chief Justice MARSHALL, in giving the opinion of the court:

"'The coasting trade' is a term well understood. The law has defined it, and all know its meaning perfectly. The act describes with great minuteness the various operations of a vessel engaged in it, and it cannot, we think, be doubted that a voyage from New Jersey to New York is one of those operations."

In the case of *Steam-Boat Co.* v. *Livingston,* 3 Cow. 747, Chief Justice SAVAGE, giving the opinion of the majority of the court, says:

"This brings me to the inquiry, what is the coasting trade? The answer to this inquiry is to be found in the laws of congress, the first of which is entitled 'An act for registering and clearing vessels, regulating the coasting trade, and for other purposes,' passed September 1, 1789, but more par-

ticularly in 'An act for enrolling and licensing ships or vessels to be employed in the coasting trade and fisheries, and for regulating the same,' passed February 18, 1793. It cannot be necessary to enter into a minute analysis of the sections of this last-mentioned act, a general reference to some of its provisions being sufficient for my present purpose. This act contains in the first section a prohibition to all vessels except those authorized, as is therein provided, from carrying on the coasting trade. The license then gives the authority, or the act regulates a right previously existing, (and it is, in my judgment, immaterial which, for the purpose of deciding this controversy,) and particularly specifies the mode of carrying on trade in certain vessels on the coast or a navigable river, between districts in different states and districts in the same state, and different places in the same district. This then is the definition given by congress to the term 'the coasting trade.' Chief Justice MARSHALL so understands it when he says: 'The "coasting trade" is a term well understood. The law has defined it, and all know its meaning perfectly. The act describes with great minuteness the various operations of a vessel engaged in it.' According to the definition of the 'coasting trade,' as extracted from the act of congress of February 18, 1793, it means commercial intercourse, carried on between different districts in different states, between different districts in the same state, and between different places in the same district, on the sea-coast, or on a navigable river. Agreeably to this definition, a voyage in a vessel of suitable tonnage from New York to Albany is as much a coasting voyage as from Boston to Plymouth, or New Bedford."

See *Walker* v. *Blackwell*, 1 Wend. 557; 1 Kent, Com. 438; *Conway* v. *Taylor*, 1 Black, 603; sections 4328, 4348, 4349, 4351, 4352, 4354, 4355, 4359, Rev. St. In these sections congress includes in the coasting trade vessels bound from a district in one state to a district in the same or any other state, whether they navigate rivers or the sea-coast proper.

The record in the case shows that the original account of plaintiff for fees as shipping commissioner was partly allowed by the treasury department, and, as allowed, included fees for shipments upon vessels solely navigating Alabama rivers; from which it would seem that the construction given by the treasury department of the meaning of "coasting" or "coastwise" trade does not restrict the said words to trade on the sea-coast. I have examined the two cases cited in the court below from 1 Newberry.[1] The point in each case was whether or not a ferry-boat was engaged in the coasting trade. Keeping that point in view, and considering that rivers have shores along which boats can coast to touch and trade, those decisions do not conflict with the case cited from 3 Cow. *supra*. In my opinion, the district judge erred in sustaining the demurrer to the plaintiff's petition, and his judgment should be reversed.

The finding of facts in the district court does not cover the issues raised by the plaintiff's petition with regard to his fees on navigable rivers, and the case will have to be remanded for further evidence and findings of facts. Judgment will be entered remanding the case to the district court, with instructions to overrule the demurrer of the United States to plaintiff's petition, and thereafter proceed as justice and equity may require.

---

[1] The James Morrison, 1 Newb. Adm. 241; The William Pope, Id. 256.