# INTER–ISLAND STEAM NAVIGATION COMPANY, LIMITED, *v.* BYRNE.

## ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 288. Submitted November 29, 1915.—Decided December 20, 1915.

Subsequent legislation excluded seamen engaged in the coastwise trade from the exemption from attachment of wages provided by § 4536, Rev. Stat.

22 Hawaii, 60, affirmed.

THE facts, which involve the construction and application of the various statutes relating to seamen's wages and garnishment of the same, are stated in the opinion.

Mr. *Charles R. Hemenway* for plaintiff in error.

Mr. *Frank E. Thompson* and Mr. *John W. Cathcart* for defendants in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Defendant in error Byrne brought suit against Kaleiki in the District Court of Honolulu and served the navigation company with a garnishee summons in accordance with the local statute. Answering, the company set up that Kaleiki was hired directly by it (not through a shipping commissioner) as a mate on the "Claudine," plying only in the inter-island coast trade, and asked a discharge because of the exemption from attachment of seamen's wages by § 4536, Rev. Stat. The trial court held that subsequent legislation excluded seamen engaged in such coast-

wise trade from the exemption, and rendered judgment against both Kaleiki and the company. This action was affirmed by the Supreme Court of the Territory of Hawaii (22 Hawaii, 60), and the cause is here upon writ of error.

By a comprehensive act containing sixty-eight sections, approved June 7, 1872, c. 322, 17 Stat. 262, and entitled "An Act to authorize the appointment of shipping commissioners by the several circuit courts of the United States, to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen," Congress prescribed regulations concerning the employment, wages, treatment and protection of seamen. Section 61 reads as follows, p. 276: "That no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court; and every payment of wages to a seaman or apprentice shall be valid in law, notwithstanding any previous sale or assignment of such wages, or of any attachment, incumbrance, or arrestment thereon; and no assignment or sale of such wages, or of salvage made prior to the accruing thereof, shall bind the party making the same, except such advanced securities as are provided for in this act." Without material modification in language, this became § 4536 of the Revised Statutes enacted into law June 22, 1874, with the following limitation—§ 5601: "The enactment of the said revision is not to affect or repeal any act of Congress passed since the 1st day of December one thousand eight hundred and seventy-three, and all acts passed since that date are to have full effect as if passed after the enactment of this revision, and so far as such acts vary from, or conflict with any provision contained in said revision, they are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith."

The Act of June 9, 1874, c. 260, 18 Stat. 64, "in reference to the operations of the shipping commissioners' act, ap-

proved June seventh, eighteen hundred and seventy-two," provided: "That none of the provisions of an act entitled 'An act to authorize the appointment of shipping commissioners by the several circuit courts of the United States to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen' shall apply to sail or steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts, or in the lake-going trade touching at foreign ports or otherwise, or in the trade between the United States and the British North American possessions, or in any case where the seamen are by custom or agreement entitled to participate in the profits or result of a cruise, or voyage."

The understanding of Congress concerning the effect of the repealing act of 1874 is indicated by subsequent legislation referred to below.

Section 2 of an act approved June 19, 1886, c. 421, 24 Stat. 79, specified that "shipping commissioners may ship and discharge crews for any vessel engaged in the coastwise trade . . . at the request of the master or owner of such vessel," etc.

"An Act to amend the laws relative to shipping commissioners," approved August 19, 1890, c. 801, 26 Stat. 320, declared that when a crew is shipped by a shipping commissioner for any American vessel in the coastwise trade . . . as authorized by § 2, act of 1886 above, . . . an agreement shall be made with each seaman in the same manner as provided by §§ 4511 and 4512, Rev. Stat. (both from the act of 1872); and it further provided that other sections of the Revised Statutes (not including § 4536) also originally in the act of 1872, shall extend to and embrace such vessel to the same extent as if mentioned therein.

By an act approved February 18, 1895, c. 97, 28 Stat.

667, the act of 1890, *supra*, was so amended as to render applicable to seamen in the coastwise trade when shipped by a shipping commissioner, certain other sections of the Revised Statutes, including § 4536, from the act of 1872; and it further provided "but in all other respects such shipment of seamen and such shipping agreement shall be regarded as if both shipment and agreement had been entered into between the master of a vessel and a seaman without going before a shipping commissioner: *Provided*, That the clothing of any seaman shall be exempt from attachment."

The Act of March 3, 1897, c. 389, 29 Stat. 687, 689, amends the foregoing act of 1895 by adding another section of the Revised Statutes to those therein enumerated.

Plaintiff in error maintains: "The words in the act of 1874 'none of the provisions . . . shall apply to sail or steam vessels engaged in the coastwise trade' are apt in their application to many of the sections in the act of 1872, as, for example, §§ 4511 to 4519, inclusive. These words are not such as would be expected if § 4536 was intended to be referred to, for there is nothing in that section which applies to vessels or the duties of masters and owners under the Shipping Commissioners' Act. As we view it, § 4536 remained unaffected by the act of 1874, neither specifically nor by reasonable implication repealed as to seamen in the coastwise trade."

The fundamental purpose of the act of 1872 was to afford protection to seamen in respect of their treatment and wages. The act of 1874 by its express terms rendered the provisions of the earlier act inapplicable to vessels in the ordinary coastwise trade (*United States* v. *The Grace Lothrop*, 95 U. S. 527, 532), and the suggested narrow construction would tend to defeat the particular end in view—the relief of vessels making relatively short

voyages, with frequent opportunities for reaching ports, from burdensome requirements not then deemed essential to the welfare of seamen employed thereon. Certainly, we think, the provisions in the act of 1872 having direct reference to wages (including those in § 4536, Rev. Stat.), because of their intimate connection with the navigation of vessels, must be considered as applicable thereto and therefore included within the scope of the amendment of 1874. Subsequent legislation clearly indicates that Congress entertained this view. It would be difficult to account for the acts of 1886, 1890, 1895, and 1897, *supra*, upon any other theory.

The particular point now presented was reserved in *Wilder* v. *Inter-Island Navigation Co.*, 211 U. S. 239, 245. It has become of less importance since the act of March 4, 1915, c. 153, 38 Stat. 1164, 1169, wherein the provisions of § 61 of the act of 1872 were reënacted.

The judgment of the court below is

*Affirmed.*