## WHITE v McCLURE

Common Pleas Court, Hamilton Co

Decided October 24, 1934

Conrad Magrish, Cincinnati, for plaintiff.

Francis A. Hoover, Cincinnati, for The Cincinnati. Pomeroy & Charleston Packet Company, garnishee.

## OPINION

By STRUBLE, J.

This cause is before the court on motion of The Cincinnati, Pomeroy & Charleston Packet Company, garnishee, to be dismissed as such, and for an order setting aside the order for the appearance of said garnishee for examination concerning wages due from garnishee to the defendant, Herman McClure, an assistant engineer on a boat of said packet company engaged in traffic on the Ohio river.

For a better understanding of the matters discussed in this opinion, it is expedient to define the terms "seaman", "coastwise trade" and "vessel". The terms "seamen" and "vessel" have statutory definitions by virtue of United States Code, Title 6, Chapter 18, §713, which reads as follows:

"Definitions, schedule and tables.—In the construction of this chapter, every person having the command of any vessel belonging to any citizen of the United States shall be deemed to be the 'master' thereof; and every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a 'seaman'; and the term 'vessel' shall be understood to comprehend every description of vessel navigating on any sea or channel, lake or river, to which the provisions of this chapter may be applicable, and the term 'owner' shall be taken and understood to comprehend all the several persons, if more than one, to whom the vessel shall belong."

"Coastwise trade" is a term, the meaning of which is derived from Federal statutes, using the term without specifically defining it, and from decisions of the courts. For the purpose of this case, the meaning of the phrase can be stated to be: transportation by water between ports of the United States, including transportation upon navigable streams between river ports. See Gibbons v Ogden, (Chief Justice Marshall), 22 U. S. (9 Wheat.) 1, at p. 214; Belden v Chase, 150 U. S. 674; Ravesies v United States, 37 Fed. 447; North River Steamboat Co. v Livingston, 3 Cow (N. Y.) 713, at p. 747;

Walker v Blackwell, 1 Wend. (N. Y.) 557, at p. 560; San Francisco v California Steam Nav. Co., 10 Cal. 505.

Having in mind the foregoing definitions, the defendant, McClure, must be considered a "seaman" employed on a "vessel" engaged in "coastwise trade", and, the question for determination is whether or not the wages of such seamen are exempt from attachment.

Early United States statutes controlling the question were: The Act of June 7, 1872, which became Chap. 322, 17 Stat. at L. 262; the Act of June 9, 1874, which became Chap. 260, 18 Stat. at L. 64-Comp. St. Section 8291.

These early acts were fully considered by the United States Supreme Court in the case of Inter-Island Steam Navigation Co. v Byrne, 239 U. S. 459. However, these statutes and the decision just mentioned were superceded by the Seamen's Act of March 4, 1915, (U. S. Stat. at L., Vol. 38, Part 1, Page 1164, Chap. 153, Comp. St. Section 8320), §12 of which reads as follows:

"Section 12. That no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court, and further payment of wages to a seaman or apprentice shall be valid in law notwithstanding any previous sale or assignment of wages or of any attachment, incumbrance, or arrestment thereon; and no assignment or sale of wages or of salvage made prior to the accruing thereof shall bind the party making the same, except such allotments as are authorized by this title. This section shall apply to fishermen employed on fishing vessels as well as to seamen; provided, that nothing contained in this or any preceding section shall interfere with the order by any court regarding the payment by any seaman of any part of his wages for the support and maintenance of his wife and minor children. Section 4536 of the revised statutes of the United States is hereby repealed."

By this enactment of March 4, 1915, the earlier limitation, denying seamen engaged in coastwise trade the privilege of exemption from attachment, was removed, and since said enactment, the wages of seamen engaged in coastwise trade are not "subject to attachment or arrestment from any court." That this is the effect of the enactment of March 4, 1915, is established by the following authorities:

Burns v Fred L. Davis Co., 271 Fed. 439, February 16, 1921, wherein the court said, in part:

"In 1915, Congress repealed Section 4536 of the revised statutes, and enacted in its stead Section 12 [38 Sta. at L. c. 153, §12, p. 1169 (Comp. St. §8325a).]
* * *
"But the effect to be given to the language of §12, as compared with the equivalent language of §4536, is quite different, for the Act of June 9, 1874 [18 Stat. at L. c. 260, p. 64 (Comp. St. §8291)], made §4536 inapplicable to seamen employed on vessels—'engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts, or in the lake going trade touching at foreign ports or otherwise, or in the trade between the United States and the British North American possessions, or in any case where the seamen are by custom or agreement entitled to participate in the profits or result of a cruise, or voyage.'

"By the enactment of §12, which repealed §4536 of the revised statutes, the limitation placed upon the language of that section by the Act of June 9, 1874, has been removed."

In Inter-Island Steam Nav. Co. v Byrne, 239 U. S. 459, the court said, at page 463:

"The particular point now presented was reserved in Wilder v Inter-Island Steam Nav. Co., 211 U. S. 239. It has become of less importance since the act of March 4, 1915, Chap. 153, 38 Stat. at L. 1164, 1169, wherein the provisions of §61 of the act of 1872 were re-enacted."

Section 61 of the act of June 7, 1872, in part, is as follows:

"* * * that no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court."

Counsel opposed to the motion claims that seamen engaged in the coastwise trade are not granted the benefit of exemption from garnishment and cites in support of that claim the case of Duggar v Mobile Gulf Nav. Co., 140 So. 611. This is an Alabama case decided by the Supreme Court of Alabama and, in my judgment, is in direct conflict with the holdings of the Supreme Court of the United States. See—Wilder v Inter-Island Steam Nav. Co., 211 U. S. 239 Inter-Island Steam Nav. Co. v Byrne, 239 U. S. 459, cited above.

The Alabama court, in Duggar v Mobile Gulf Nav. Co., cited above, places its opinion on the grounds that the 1926 codification of the United States Statutes re-enacted the act of March 4, 1915, Chap. 153, §12, 38 Stat. at L. 1169, which is §601 of the 1926 codification, and the act of June 9, 1874, Chap. 260, 18 Stat. at L. 64, which is §544 of the 1926 codification. The Alabama court reasoned that, if these two sections were "re-enacted" then §544 of the Code is a limitation upon §601. In the opinion of this court, the Alabama decision is unsound, its error resulting from the court's assumption that the 1926 codification of the Federal statutes constituted re-enactments of the sections contained therein. If this 1926 codification re-enacted the Federal statutes then §§544 and 601 would have become effective from the date of the codification as though they were sister sections of a new enactment and their prior effectiveness would have been immaterial and the restriction put upon §601 by §544 would have been logical. However, the 1926 codification of Federal statute law did not constitute a re-enactment of any sections contained therein. The codification was a mere physical rearrangement of existing law by appropriate titles, chapters and sections. This view is sustained by §2 of the act itself which reads, in part, as follows: (Sec. 2 Preamble U. S. Code 1926)—

"The matter set forth in the Code, evidenced as hereinafter in this section provided, shall establish prima facie the laws of the United States, general and permanent in their nature, in force on the 7th day of December, 1925; but nothing in this act shall be construed as repealing or amending any such law, or as enacting as new law any matter contained in the Code" —and by the following authorities, all of which passed specifically upon the effect of the 1926 codification of Federal statutes, in respect to repealing, amending or re-enacting the sections, retained therein: Smiley v Holm, 285 U. S. 355 (1932); Neill v U. S., 41 Fed. (Sec. Ser.) 173 (1930); Ruff v Gay, 3 F. Supp. 264 (1933); United States v Melon, 4 F. Supp. 947 (1933); Flensburger Dampfercompagnie v The United States, 73 Court of Claims 646, (1932); In Re Hill, 68 Court of Claims 740 (1930); U. S. v McMurty, (1933) 5 Fed. Supp. 515.

Review of the last mentioned cases will convincingly establish the rule to be that announced by Chief Justice Hughes, in Smiley v Holm, cited above, wherein the Chief Justice says:

"Inclusion of a statute in the United States Code does not operate as a re-enactment."

Therefore, since the Seamen's act of 1915 granted exemption from attachment to all seamen, including those engaged in coastwise trade; and, since the 1926 codification did not affect the operation of the 1915 enactment, the wages of all seamen are exempt from attachment or arrestment from any court. The motion of garnishee herein for dismissal is therefore granted.