**In re Guy Howard WILLIAMS, Debtor.**

**Bankruptcy No. LR 81–453.**

United States Bankruptcy Court,
E. D. Arkansas, W. D.

May 19, 1982.

Brian G. Meissner, New Orleans, La., for State Boat Corp.

Basil V. Hicks, Jr., North Little Rock, Ark., for debtor.

A. L. Tenney, Little Rock, Ark., trustee.

Charles W. Tucker, Little Rock, Ark., for trustee.

### ORDER

CHARLES W. BAKER, Bankruptcy Judge.

This matter comes on before the Court for a hearing on April 30, 1982. The Findings of Fact and Conclusions of Law which the Court makes are as set forth below:

At issue is the validity of an Order entered by this Court pursuant to 11 U.S.C. § 1325(b) directing the debtor's employer, State Boat Corporation, to deduct from the debtor's salary and remit to the trustee the amount which the debtor proposes to pay under his Chapter 13 plan. Section 1325(b) states as follows:

> After confirmation of a plan, the Court may order *any entity* from whom the debtor receives income to pay all or any part of such income to the trustee. (emphasis added).

The language of this section fails to designate any exception to the authority granted the Bankruptcy Court to elicit payments from a debtor's income.

State Boat Corporation contends that they are prevented from complying with the Order because of the provisions of 46 U.S.C. § 601 pertaining to the "attachment or arrestment" of wages due a seaman. The parties have not denied that the debtor, while in the employ of State Boat, is a seaman, but even with this fact admitted the Court does not find the employers' argument persuasive. The provisions of § 601 were designed to prevent involuntary court ordered garnishments and attachments and not the prevention of voluntary deductions. Chapter 13 is a voluntary adjustment of debts by consumers and small businessmen, and the Order of this Court directing the employer to deduct payments is a result of the debtor's voluntary submission of his income to the jurisdiction and control of the Bankruptcy Court. In fact, the debtor, through his attorney, has during the course of this hearing requested that the deduction be made.

Further, it is noted that the Bankruptcy Code was enacted subsequent to the passage of the pertinent provisions of 46 U.S.C. § 601, had Congress desired to create an exception for seamen, it would have done so when § 1325(b) was drafted. Since Congress did not choose to do so, this Court does not have authority to create that exception in the face of such explicit statutory language.

State Boat also cites in support of its motion the case of *X–L Finance Company v. Bonvillion*, 257 La. 899, 244 So.2d 826 (1971). The Court likewise finds this argument unpersuasive because it is a ruling handed down prior to the effective date of the Bankruptcy Code and it is a matter of state law which would conflict with the authority granted the Bankruptcy Court under § 1325. It is, therefore, not binding on this Court and must succomb to the Federal legislation.

Accordingly, the Motion of State Boat is overruled and, on request of State Boat, an Order shall issue contemporaneously with this opinion requiring the employer to remit the debtor's entire salary to the trustee who will retain the amount of the debtor's payment and forward the balance to the debtor.