Dear Mr. Marchand:
This office is in receipt of your opinion request, in which you raise the following issues for our response:
 (1) Is there a time limitation on the effectiveness of an arrest warrant issued for a violation of LSA-R.S. 14:71?
 (2) Is the "Seaman's Act" still in force in Louisiana?
 (3) Is there a "Three Day Right To Cancel" a sale in Louisiana?
In response to your first question, we direct your attention to LSA-C.Cr.P. Art. 205, which provides:
A warrant of arrest remains in effect until executed.
Clearly, this indicates that there is no time limitation on the effectiveness of an arrest warrant. However, LSA-C.Cr.P. art.572, limits the time for prosecution of an offense not punishable by death and states as follows:
 Art. 572. Limitation of prosecution of noncapital offenses
 No person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
 (1) Six years, for a felony necessarily punishable by imprisonment at hard labor;
 (2) Four years, for a felony not necessarily punishable by imprisonment at hard labor;
 (3) Two years, for a misdemeanor punishable by a fine or imprisonment or both; or
 (4) Six months, for a misdemeanor punishable only by a fine or forfeiture.
The penalty for issuing worthless checks varies according to the amount of the check. The penalties are provided in R.S. 14:71
which states in part:
 § 71. Issuing worthless checks
 C) Whoever commits the crime of issuing worthless checks, when the amount of the check or checks is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
 D) When the amount of the check or checks is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
 E) When the amount of the check or checks is less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of issuing worthless checks two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or be fined not more than one thousand dollars, or both.
A violation of LSA-R.S. 14:71, issuing worthless checks, is a felony not necessarily punishable by imprisonment at hard labor for which prosecution must be instituted within four years of the commission of the offense if the amount of the check is one hundred dollars or more or if the offender has been convicted of issuing worthless checks two or more times previously. If the amount of the check is less than one hundred dollars, and the defendant has not been convicted of issuing worthless checks two or more times previously, it is a misdemeanor and must be prosecuted within two years. Accordingly, an arrest warrant for a violation of LSA-R.S. 14:71 is effective until executed, but the prosecution for the violation must take place within two to four years of the violation depending on the amount of the check.
Turning to your second question, we direct your attention to46 U.S.C.A. §§ 11108-11109 dealing with merchant seaman protection and relief. These sections prohibit attachment or withholding for taxes or wages due or accruing to a master or seaman and states:
 § 11108. Taxes
 Wages due or accruing to a master or seaman on a vessel in the foreign, coastwise, intercoastal, interstate, or noncontiguous trade or an individual employed on a fishing vessel or any fish processing vessel may not be withheld under the tax laws of a State or a political subdivision of a State. However, this section does not prohibit withholding wages of a seaman on a vessel in the coastwise trade between ports in the same State if the withholding is under a voluntary agreement between the seaman and the employer of the seaman. (Emphasis added.)
 § 11109. Attachment of wages
 a) Wages due or accruing to a master or seaman are not subject to attachment or arrestment from any court, except for an order of a court about the payment by a master or seaman of any part of the master's or seaman's wages for the support and maintenance of the spouse or minor children of the master or seaman, or both. A payment of wages to a master or seaman is valid, notwithstanding any prior sale or assignment of wages or any attachment, encumbrance, or arrestment of the wages.
 b) An assignment or sale of wages or salvage made before the payment of wages does not bind the party making it, except allotments authorized by section 10315 of this title.
 c) This section applies to an individual employed on a fishing vessel or any fish processing vessel. (Emphasis added.)
Louisiana recognized this exemption for seaman in X-L FinanceCo. v. Bonvillion, 244 So.2d 826 (La. 1971), which states in its West headnote as follows:
 The Supreme Court, Tate, J., held that derrick barge which was used in offshore drilling operations in navigable waters was a "vessel" for maritime law purposes even though it had no motive power of its own and judgment debtor who was permanently employed and performed all his duties on the vessel and whose duties contributed to vessel's function, was a "seaman" and thus, was exempt from garnishment under federal statute.
Thus, the "Seaman's Act" is in force in Louisiana and a "seaman" is exempt from garnishment.
In response to your third question, Louisiana's "three day right to cancel" applies only to a home solicitation sales. LSA-R.S.9:3538, in pertinent part, states:
 A. Except as provided in subsection (E) of this section, in addition to any right otherwise to revoke an offer, the consumer has the right to cancel a home solicitation sale until midnight of the third business day after the day on which the consumer signs an agreement or offer to purchase.
This three day right to cancel a sale is limited to home solicitation sales as defined in LSA-R.S. 9:2711.1, which, in part, provides:
 1) A "noncredit home solicitation sale" is a consumer sale involving a cash price of twenty-five dollars or more for goods or services or both, in which the seller or a person acting for him engages in a personal solicitation of the sale at any place other than the business establishment of the seller and the purchaser offers to purchase or agrees to the sale at a place other than the business establishment of the seller or his representative. This definition shall also include all telephone solicitations in which the seller has initiated contact regardless of his location, and the consumer's agreement to purchase is made at the consumer's home. It does not include a consumer credit sale as defined in LSA-R.S. 9:3516(11), a sale made pursuant to prior negotiations between the parties at a business establishment at a fixed location where goods or services are offered or exhibited for sale, a catalogue sale, a sale that may have been initiated by the consumer by communication, whether by telephone or in person, with the seller at his business establishment, or policies of insurance.
 2) A "consumer sale" is the sale of a thing or services purchased primarily for personal, family, or household purposes and the purchaser is not an organization; however, a consumer sale shall not include the sale of religious periodicals, books, and other religious materials by a bona fide religious association, a motor vehicle, immovable property, farm equipment, farm services, or any transaction made pursuant to the Motor Vehicle Sales Finance Act, LSA-R.S. 6:951 et seq. The parties to a contract may contract with one another that a sale shall be a consumer sale for the purposes of this Section, except those sales subject to the Motor Vehicle Sales Finance Act.
Other then for the above home solicitation sales, there is no "three-day right to cancel".
We hope the foregoing sufficiently addresses your concerns. If we may be of further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb
DATE RECEIVED: November 12, 1997 DATE RELEASED:
J. RICHARD WILLIAMS ASST. ATTORNEY GENERAL