862 So.2d 1049 (2003)
BENEFICIAL LOUISIANA, INC.
v.
Herman WILSON, Sr.
No. 2003-CA-0981.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 2003.
*1050 Gregory M. Eaton, Bartley P. Bourgeois, Law Offices of Gregory M. Eaton, Baton Rouge, LA, for Plaintiff/Appellee.
David S. Bland, Scott D. Brownell, Bryan J. de Tray, King, LeBlanc and Bland, L.L.P., New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).
MICHAEL E. KIRBY, Judge.
J. Ray McDermott, Inc. ("McDermott") appeals a judgment from the First City Court of the City of New Orleans ordering it to garnish the wages of its employee, Herman Wilson, Sr. ("Mr.Wilson").
FACTS AND PROCEDURAL HISTORY
Beneficial Louisiana, Inc. ("Beneficial") obtained a judgment against Mr. Wilson in Franklin City Court on March 13, 2002, arising out of Mr. Wilson's non-payment of a promissory note. On April 24, 2002, Beneficial filed a Petition to Make Judgment Executory and for Garnishment naming McDermott as garnishee in the First City Court of Orleans Parish.
In its answer to garnishment interrogatories, McDermott asserted that Mr. Wilson was a seaman; thus, his wages were exempt from garnishment under federal law, citing 46 U.S.C.A. § 11109.[1]
Beneficial filed an Opposition to Seaman Exemption of Garnishment, asserting that McDermott had the burden of proving the seaman status exemption by a preponderance *1051 of the evidence, and that until such time as that was proven, the garnishment remained outstanding, requiring McDermott to seize all of Mr. Wilson's non-exempt wages. In conjunction therewith, Beneficial propounded supplemental seaman garnishment interrogatories on McDermott. In its answer to those interrogatories, McDermott stated that Mr. Wilson typically discharged his duties as a structural welder on derrick barges in the Gulf of Mexico, but from time to time he performed work on land at one of the company's fabrication yards. McDermott then referred to a summary of Mr. Wilson's assignment dates at each workstation for the last twelve months, which it had attached as Exhibit A to its answer to supplemental garnishment interrogatories.
The Court below rendered a garnishment judgment on July 26, 2002. Upon McDermott's failure to comply with that judgment, Beneficial filed a Motion and Memorandum for Garnishment Accounting against McDermott on November 22, 2002. McDermott opposed the motion, continuing to assert that because Mr. Wilson was a seaman under federal law, all of his wages were exempt from garnishment.
Following a hearing, the trial court rendered judgment on March 11, 2003, in favor of Beneficial and against McDermott, as garnishee, for the amount prayed for, along with attorney's fees. This timely appeal followed.
DISCUSSION
In its sole assignment of error, McDermott asserts that the trial court erred in allowing the garnishment of a seaman's wages in violation of 46 U.S.C.A. § 11109. That statute provides as follows:
46 USCA § 11109. Attachment of wages
(a) Wages due or accruing to a master or seaman are not subject to attachment or arrestment from any court, except for an order of a court about the payment by a master or seaman of any part of the master's or seaman's wages for the support and maintenance of the spouse or minor children of the master or seaman, or both. A payment of wages to a master or seaman is valid, notwithstanding any prior sale or assignment of wages or any attachment, encumbrance, or arrestment of the wages.
(b) An assignment or sale of wages or salvage made before the payment of wages does not bind the party making it, except allotments authorized by section 10315 of this title.
(c) This section applies to an individual employed on a fishing vessel or any fish processing vessel.
46 U.S.C.A. § 11109
A seaman is defined, for purposes of the wage protection statute, as "an individual (except scientific personnel, a sailing school instructor, or a sailing school student) engaged or employed in any capacity on board a vessel." 46 U.S.C.A. § 10101.
McDermott submits that Mr. Wilson clearly meets that definition as it has submitted documentation showing that Mr. Wilson spent 78.6% of his time working aboard derrick barges during the year immediately preceding its receipt of Beneficial's supplemental garnishment interrogatories. In addition to meeting the definition of seaman found in Title 46, McDermott submits that Mr. Wilson also meets the Jones Act test for seaman status. A Jones Act seaman is a person who: (1) contributes to the function of a vessel or to the accomplishment of its mission; and (2) has a connection to a vessel in navigation or an identifiable group of such vessels that is substantial in terms of both duration and nature. Harbor Tug & Barge Co. v. Papai, 520 U.S. 548, 117 S.Ct. 1535, 1540, 137 L.Ed.2d 800 (1997); *1052 Chandris, Inc. v. Latsis, 515 U.S. 347, 368, 115 S.Ct. 2172, 2190, 132 L.Ed.2d 314 (1995).
McDermott further submits that once a maritime worker is found to have seaman status, that status is not lost merely because some of the worker's duties are performed on land. Chandris, 515 U.S. at 360-361, 115 S.Ct. at 2186 (1995)(seamen do not lose Jones Act protection when the course of their service to a vessel takes them ashore). Aguilar v. Standard Oil Co. of N.J. 318 U.S. 724, 732, 63 S.Ct. 930, 87 L.Ed. 1107 (1943)(when seaman's duties carry him ashore, shipowner's obligation to furnish maintenance and cure is neither terminated nor narrowed).
In sum, McDermott argues that because admiralty law clearly extends the benefits and protections owed to a seaman when the seaman is injured onshore in the course of his employment, the protection against garnishment of a seaman's wages should likewise be extended regardless of the fact that some of the seaman's work is performed onshore. Finally, McDermott suggests that allowing the trial court's judgment to stand would create logistical and accounting difficulties for employers who would then be required to determine what amounts of a seaman's wages are derived from onshore versus offshore work.
Beneficial, on the other hand, takes the position that any wages Mr. Wilson earned while doing work on land were not exempt from garnishment under the seaman exemption and, thus, were subject to seizure. Beneficial cited no statutory or jurisprudential authority in support of this argument to either the trial court or to this court. Beneficial claims that because the trial court determined that the wages Mr. Wilson earned while working on McDermott's land-based fabrication yard were subject to seizure, the trial court must have determined that Mr. Wilson was not a seaman. On appeal, Beneficial urges this court to uphold that finding and to allow the garnishment judgment rendered in its favor to stand.
As correctly stated by counsel for Beneficial at the February 27, 2003, hearing, "[t]he question of law hinges on whether Mr. Wilson is a seaman or not." Our application of the law regarding seaman status to the facts of Mr. Wilson's employment at McDermott leads us to the inevitable conclusion that Mr. Wilson was a seaman. McDermott alleged in its garnishment answer that Mr. Wilson was a "Structural Welder Level 1 `Seaman'" whose wages were exempt from garnishment by 46 U.S.C.A. § 11109. It later answered supplemental garnishment interrogatories stating that Mr. Wilson typically discharged his duties on derrick barges in the Gulf of Mexico, but from time to time he worked on land. McDermott provided evidence showing that during the past year, 78.6% of Mr. Wilson's time, or 187 out of 238 days, had been spent working aboard a derrick barge. We find that McDermott met its burden of proving that Mr. Wilson was a seaman. Beneficial failed to produce any evidence to the contrary. Moreover, counsel for Beneficial admitted during the February 27, 2003 hearing that it believed McDermott's assertion that Mr. Wilson was permanently employed on a vessel. We conclude that Mr. Wilson was a seaman. Inasmuch as the trial court found otherwise, which we imply from its having rendered judgment in favor of Beneficial, such finding was in error.
We further agree with McDermott's proposition that once seaman status has been determined favorably to a maritime worker, that status is not lost simply because a part of that worker's duties were performed on land. To hold otherwise *1053 would create an uncertain rule of law that would invite arbitrariness and inconsistency. As mentioned previously, Beneficial has offered no authority for its argument that the seaman exemption should apply only to those wages earned while that seaman was actually on board a vessel. In addition, the statute already provides exclusions from the exemption of a seaman's wages from garnishment, i.e., for the support and maintenance of the spouse or minor children of the seaman. If Congress did not intend to exempt from garnishment the wages earned by a seaman while that seaman was not physically on board a vessel, it would have provided an exclusion from exemption for that as well.
Having found Mr. Wilson to be a seaman, we conclude that all of his wages were exempt from garnishment under 46 U.S.C.A. § 11109. See e.g. X-L Finance Co. v. Bonvillion, 257 La. 899, 244 So.2d 826 (1971). Accordingly, the trial court erred in rendering judgment against McDermott as garnishee.
CONCLUSION
For the foregoing reasons, Beneficial Louisiana Inc.'s garnishment against J. Ray McDermott, Inc., garnishee and employer of Herman Wilson, Jr., is vacated and dismissed.
JUDGMENT REVERSED, GARNISHMENT VACATED AND DISMISSED.
NOTES
[1] Title 46 is entitled Public Welfare and Assistance.