692 F.2d 1267
 Fed. Sec. L. Rep. P 99,003, 3 Employee Benefits Ca 2509
Harry LEWIS and Sylvia Baker, Plaintiffs-Appellees/Cross-Appellants,
v.
William H. ANDERSON, Walt Disney Productions,
Defendants-Appellants/Cross-Appellees.
 Nos. 81-5693, 81-5735.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 8, 1982.
Decided Nov. 22, 1982.
 
 Seth M. Hufstedler, Hufstedler, Miller, Carlson & Beardsley, Los Angeles, Cal., for Walt Disney.
 Bertram Bronzaft, New York City, argued, for Baker; Ronald M. McQuoid, Murchison & Cumming, Los Angeles, Cal., Garwin, Bronzaft & Gerstein, New York City, on brief.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT, TANG and SCHROEDER, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 These appeals are from a district court order granting $110,552.73 in attorneys' fees and costs to plaintiff Lewis in a shareholder derivative and securities law class action.
 
 
 2
 The facts underlying this appeal are thoroughly detailed in the district court's opinion. Lewis v. Anderson, 509 F.Supp. 232, 234-35 (C.D.Cal.1981). In 1973 Disney adopted a stock option plan for key employees. In 1974, the Stock Option Committee of Disney's board of directors, without the approval of the shareholders, granted to the 1973 option grantees additional stock options at much lower prices. In 1974, Lewis filed this derivative action challenging the validity of the stock option grants, contending, inter alia, that the Stock Option Committee members breached their fiduciary duties to Disney's shareholders in making the grants and violated the federal securities law by not disclosing the 1974 changes in the stock option program.
 
 
 3
 Shortly after the action was filed, Disney's board of directors created a Special Litigation Committee to investigate the charges in Lewis' complaint and to decide whether it was in Disney's best interest to pursue the litigation against the defendant board members and option grantees. After a preliminary investigation, the Committee recommended that the board of directors seek shareholder ratification of the Stock Option Committee's authority to make the 1974 grant. The board followed the recommendation, and on February 9, 1977, Disney's shareholders voted to approve the Stock Option Committee's action. Based upon this ratification, the Special Litigation Committee decided that further prosecution of the Lewis litigation was not in the best interests of Disney or its shareholders.
 
 
 4
 Pursuant to the Committee's decision, the district court in 1977 granted partial summary judgment against Lewis, holding that the action would be dismissed under the business judgment rule if, after a mini-trial, the court determined that the Special Litigation Committee had acted independently and in good faith. This judgment was affirmed on appeal. Lewis v. Anderson, 615 F.2d 778 (9th Cir.1979), cert. denied, 449 U.S. 869, 101 S.Ct. 206, 66 L.Ed.2d 89 (1980).
 
 
 5
 Concluding that he could not demonstrate that the Special Litigation Committee had not acted in good faith, Lewis moved in December 1980 to dismiss his action. Lewis also petitioned the court to award him $381,210.36 in attorneys' fees and expenses against Disney, contending that his lawsuit had conferred substantial benefits to both the company and its shareholders. On March 11, 1981, the district court granted Lewis' fee petition in part. It ruled that the submission of the 1974 stock option grants for shareholder approval was a substantial benefit to Disney and its shareholders and attributable to Lewis' lawsuit. It therefore held that Lewis was entitled to attorneys' fees for time expended prior to the 1977 shareholder ratification. After a hearing on the appropriate amount to be awarded, the court awarded Lewis $105,971.25 in attorneys' fees and $4,581.48 for expenses. Both Lewis and Disney appeal the award.
 
 
 6
 The main issue on appeal is whether the district court erred in concluding that federal and California law permit an attorneys' fee award to Lewis for the corporate benefit of shareholder ratification. Assuming that a fee should have been awarded, did the district court abuse its discretion by awarding a fee that was excessive, as Disney argues, or insufficient, as Lewis argues. We affirm the district court.
 
 
 7
 A district court's award of attorneys' fees may not be reversed absent an abuse of discretion. Kerr v. Screen Extras Guild, 526 F.2d 67, 69 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Any fact findings underlying the award are subject to review under the clearly erroneous standard. Merola v. Atlantic Richfield Co., 493 F.2d 292, 295 (3d Cir.1974). The legal principles the court relies upon to inform its discretion, however, are subject to de novo review. See id.
 
 
 8
 The award here was based upon the substantial benefit doctrine. Under both federal and California law, the doctrine permits a plaintiff to recover attorneys' fees if his action has conferred a substantial benefit upon a class represented by the defendant. See Mills v. Electric Auto-Lite Co., 396 U.S. 375, 394-96, 90 S.Ct. 616, 626-27, 24 L.Ed.2d 593 (1970); Reiser v. Del Monte Properties Co., 605 F.2d 1135, 1139 (9th Cir.1979); D'Amico v. Board of Medical Examiners, 11 Cal.3d 1, 25, 520 P.2d 10, 28, 112 Cal.Rptr. 786, 804 (1974).
 
 
 9
 Disney argues that California law governs here because the benefit of shareholder ratification pertains more to Lewis' state law claims than to his federal securities law claims. Disney is technically correct. If the plaintiff's relief derives from a state law cause of action, any entitlement to attorneys' fees must also derive from state law. Kabatoff v. Safeco Insurance Co., 627 F.2d 207, 210 (9th Cir.1980). On the other hand, Lewis seeks credit for some benefits attributable only to Lewis's federal securities claims, in which case federal law would apply. See generally Reiser, 605 F.2d 1135, 1137-1140 (discussing federal law on attorneys' fees).
 
 
 10
 The district court found that federal and California law were indistinguishable with respect to the substantial benefit doctrine. We agree. The California courts have relied primarily upon federal precedent in developing a state law version of the doctrine. Fletcher v. A.J. Industries, Inc., 266 Cal.App.2d 313, 323, 72 Cal.Rptr. 146, 152 (1968). Jutkowitz v. Bourns, Inc., 118 Cal.App.3d 102, 112, 173 Cal.Rptr. 248, 254 (1981). Moreover, neither party has identified any significant difference between California and federal law in applying the doctrine. Therefore we need not decide which law governs. Kabatoff, 627 F.2d at 209.
 
 Substantial Benefit
 
 11
 The district court based its fee award to Lewis on the ground that Lewis' action prompted Disney to seek shareholder ratification of the 1974 stock option grants and that ratification was a substantial benefit to Disney and its shareholders.
 
 
 12
 Disney contends that the award is contrary to federal and California interpretations of the substantial benefit doctrine because Lewis' litigation did not "succeed." Disney concedes that neither federal nor California law requires a plaintiff to obtain judgment as a pre-condition for fees. It acknowledges that both federal and California law permit a fee recovery when a substantial benefit arises from a settlement rather than a judgment. See United Operating Co. v. Karnes, 482 F.Supp. 1029 (S.D.N.Y.1980); Fletcher v. A.J. Industries, Inc., 266 Cal.App.2d at 324, 72 Cal.Rptr. at 153. It also concedes that federal law permits a fee award if a benefit arises from corporate remedial action that moots the plaintiff's claim. See Reiser v. Del Monte Properties Co., 605 F.2d 1135, 1140 n. 4 (9th Cir.1979); Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir.1974), cert. denied, 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700 (1975); Kahan v. Rosenstiel, 424 F.2d 161, 167 (3d Cir.), cert. denied, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970). Disney claims, however, that this authority does not apply here because Lewis' suit resulted in a voluntary dismissal rather than its being settled or mooted.
 
 
 13
 The unifying principle of these decisions is that even if a plaintiff does not ultimately prevail, attorneys' fees are nonetheless awardable if his action creates a substantial benefit. This standard is satisfied here. Although no settlement occurred and the shareholder ratification did not technically moot Lewis' action, Disney's success in obtaining shareholder ratification effectively remedied and, in a broad sense, mooted the complaint's claim that the 1974 stock option grants were invalid for lack of shareholder approval. The ultimate fate of the action itself does not determine whether Disney's shareholders should share the cost of obtaining the benefit resulting from Lewis's action.
 
 
 14
 Aside from the requirement of establishing a substantial benefit, courts have imposed only the additional requirement that a plaintiff must demonstrate that his complaint was "meritorious." See, e.g., Kahan, 424 F.2d at 167. This requirement is met if the plaintiff's complaint has sufficient merit to survive a motion to dismiss on the pleadings. Id. This standard was satisfied. Lewis' complaint withstood Disney's motion for summary judgment. Moreover, the district court found, and Disney does not dispute, that Lewis would probably have prevailed on the merits had Disney not obtained shareholder ratification. Lewis, 509 F.Supp. at 238.
 
 
 15
 Disney also contends that shareholder ratification is too ephemeral a benefit to permit a fee award under California law. It relies primarily upon the California Supreme Court decision in Woodland Hills Residents Ass'n, Inc. v. City Council, 23 Cal.3d 917, 945, 593 P.2d 200, 216, 154 Cal.Rptr. 503, 519 (1979), which states that a plaintiff may recover attorney's fees under the substantial benefit doctrine if the nonpecuniary benefit conferred is "concrete and clearly substantial." Disney argues that the benefit fails to meet this test.
 
 
 16
 Woodland Hills does not preclude a fee award here. The district court concluded that shareholder ratification was a substantial benefit because it vindicated Disney's shareholder's right to be consulted on major management issues and raised the standards of fiduciary relationships within Disney. Lewis, 509 F.Supp. at 238. While less tangible than the recovery of money damages, Fletcher v. A.J. Industries, 266 Cal.App.2d 313, 324, 72 Cal.Rptr. 146, 153 (1968), held that this type of "corporate therapeutics" is sufficiently beneficial to a corporation and its shareholders to warrant an attorneys' fee award. Woodland Hills does not overrule Fletcher's rule or result. Rather, Woodland Hills cites Fletcher approvingly as a case that satisfies the "concrete and clearly substantial" standard. Woodland Hills, 23 Cal.3d at 946, 593 P.2d at 216, 154 Cal.Rptr. at 519.
 
 
 17
 Disney argues that the benefit in Fletcher was more "substantial and concrete" than the benefit conferred here. The plaintiff in Fletcher succeeded in permanently changing the corporation's management procedures and in creating an arbitration forum to assess money damages against several of the corporation's officers. In contrast, Disney notes, the shareholder ratification here produced neither long-lasting changes in corporate procedure nor any monetary recovery.
 
 
 18
 We reject this distinction. Fletcher's holding was not based on the narrow ground that fees are awarded only if long-standing procedural changes are instituted or if a monetary recovery is made. Instead, Fletcher endorsed a rule permitting fee recovery when important shareholder rights are successfully asserted:
 
 
 19
 The final question in the present case is whether the benefits realized by the corporation were sufficiently "substantial" to warrant the award. To find that they were, the trial court need not determine that abuses existed in the corporate management, and that the action corrected them. It will suffice if the court finds, upon proper evidence, that the results of the action "maintain the health of the corporation and raise the standards of 'fiduciary relationships and of other economic behavior,' " or "prevent(s) an abuse which would be prejudicial to the rights and interests of the corporation or affect the enjoyment or protection of an essential right to the stockholder's interest."
 
 
 20
 Fletcher, 266 Cal.App.2d at 324, 72 Cal.Rptr. at 153 (quoting Bosch v. Meeker Cooperative Light and Power Ass'n. 257 Minn. 362, 366-67, 101 N.W.2d 423, 426-27 (1960)).
 
 
 21
 Lewis contends that it should be reimbursed for attorneys' fees and expenses for the period after the February 9, 1977 shareholder ratification. The substantial benefit conferred by Lewis' action was the shareholder ratification. Because the post-ratification activities did not result in corporate or shareholder benefit, these fees and expenses were properly denied.
 
 
 22
 Disney contends that the district court should not have awarded fees for all time expended until the shareholder ratification. Ratification resulted from the totality of Lewis' effort prior to the ratification. All specific claims in Lewis' complaint related to the charge that the 1974 stock option grants were invalid without the approval of the shareholders.
 
 
 23
 Having considered both parties' objections to the amount of the award, we conclude that the district court did not abuse its discretion. Manhart v. City of Los Angeles, 652 F.2d 904, 907-08 (9th Cir.1981).
 
 
 24
 AFFIRMED.