Robert SEWELL, Virgil Miller, Lowell Shamburg and Donald Johnson, Plaintiffs,

v.

M/V POINT BARROW of Prudhoe Bay, Alaska, owned by R.J. Marine, Inc., her engines, tackle, gear, furniture, equipment, etc.; Marine Cruiser Mon Ark of Prudhoe Bay, Alaska, owned by R.J. Marine, Inc., her engines, tackle, gear, furniture, equipment, etc.; Marine Barge Nuchuck of Prudhoe Bay, Alaska, owned by R.J. Marine, Inc., her engines, tackle, gear, furniture, equipment, etc.; R.J. Marine, Inc., a California Corporation; and Roger L. Jacobson, an individual, Defendants,

and

M/V POINT BARROW; Marine Cruiser Mon Ark, and Marine Barge Nuchuck, all owned by R.J. Marine, Inc.; R.J. Marine, Inc., a California Corporation; and Roger L. Jacobson, an individual, Third-Party Plaintiffs,

v.

Lowell CHAPPELL and Marjorie Chappell, Third-Party Defendants.

Civ. No. A81–546.

United States District Court, D. Alaska.

Feb. 8, 1983.

Wilson A. Rice, Reese, Rice & Volland, Anchorage, Alaska, for plaintiffs.

John A. Treptow, Atkinson, Conway, Bell & Gagnon, Anchorage, Alaska, for defendants and third-party plaintiffs.

David M. Clower, Clower & Byers, Anchorage, Alaska, for third-party defendants.

OPINION

FITZGERALD, District Judge.

Plaintiffs, Robert Sewell, Virgil Miller, Lowell Shamburg and Donald Johnson,

were employed as seamen aboard three vessels owned by defendant R.J. Marine. The vessels were engaged in offshore test drilling operations in the Beaufort Sea. Plaintiffs did not receive their wages for the last two weeks of service performed for R.J. Marine, and on October 1, 1981 each plaintiff demanded payment from defendant. The plaintiffs' demands went unanswered.

■ On December 29, 1981 the seamen filed this proceeding in admiralty to recover wages and penalties. Penalties are alternatively requested under A.S. 23.05.140 [1] and 46 U.S.C. § 596.[2] Admiralty jurisdiction properly exists for seamen's wage claims. *Putnam v. Lower,* 236 F.2d 561 (9th Cir. 1956).

The seamen have moved for summary judgment on their claims for unpaid wages and penalties. Defendants have moved for summary judgment solely on the issue of penalties. Since the facts are not in dispute and defendants have not opposed plaintiffs' claims for unpaid wages, summary judgment in favor of plaintiffs' claim for unpaid wages is required.

■ Turning to the claim for penalties, defendants first argue that 46 U.S.C. § 596 is unavailable to plaintiffs because 46 U.S.C. § 544 exempts from 46 U.S.C. § 596 vessels engaged in "coastwise trade." The seamen do not dispute that they labored aboard vessels engaged in coastwise trade. Instead, plaintiffs rely on the opinion of one commentator that later amendments repealed by implication the exemption found in § 544. I.M. Norris, The Law of Seamen, § 402 at 479–80 (1970). However, a majori-

ty of courts addressing the issue, including this one, have concluded that § 544 has survived intact and continues to exempt coastwise vessels from the protections of § 596. *Compton v. Alton Steamship Co.,* 608 F.2d 96 (4th Cir.1979); *Gardner v. The Danzler,* 281 F.2d 719, 722–23 (4th Cir. 1960);[3] *Kowalik v. General Marine Transport Corp.,* 411 F.Supp. 1325, 1327 (S.D.N.Y. 1976), *aff'd,* 550 F.2d 770 (2d Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 111, 54 L.Ed.2d 89 (1977); *Peart v. Motor Vessel Bering Explorer,* 373 F.Supp. 927 (D.Alaska 1974).

■ The seamen's alternative penalty claims arise from A.S. 23.05.140. Defendants contend that recourse to this state remedy is pre-empted by federal maritime law. Specifically, defendants state that the exemption of coastwise vessels from the penalty provisions of § 596 demonstrates a congressional intent that seamen employed on coastwise vessels not receive delayed wage payment penalties. I disagree.

The Supreme Court has consistently held that while admiralty suits are to be governed by federal procedural and substantive rules, *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 628, 79 S.Ct. 406, 408, 3 L.Ed.2d 550 (1959), admiralty courts may recognize and enforce rights and obligations created by state law. *Askew v. American Waterways Operators, Inc.,* 411 U.S. 325, 337–39, 93 S.Ct. 1590, 1598–99, 36 L.Ed.2d 280 (1973); *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 373, 79 S.Ct. 468, 480, 3 L.Ed.2d 769 (1959); *Just v. Chambers,* 312 U.S. 383, 388, 61 S.Ct. 687, 691, 85 L.Ed. 903 (1940).

---

1. A.S. 23.05.140 provides:

    If an employer violates (b) of this section by failing to pay within three working days of termination, he is liable to the employee for payment of the employee's regular wage, salary or other compensation from the time of demand to the time of payment, or for 90 working days whichever is the lesser amount.

2. 46 U.S.C. § 596 provides in relevant part:

    The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after termination of the agreement under which he was

shipped, or at the time such seaman is discharged, whichever first happens.... Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court....

3. In *Gardner,* Judge Haynesworth sets out in careful detail the full history of § 596.

A leading case establishing standards to be applied for determining the compatibility of state law with maritime law is *St. Hilaire Moye v. Henderson,* 496 F.2d 973 (8th Cir.), *cert. denied,* 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125 (1974). This court had adopted the *St. Hilaire* standards. *Kalmbach, Inc. v. Insurance Company of the State of Pennsylvania,* 422 F.Supp. 44, 45 (D.Alaska 1976). Although these cases are quite distinguishable on their facts from the case at bar, they clearly illustrate the prevailing rule.

> Thus, admiralty courts may apply state law by express or implied reference or when the admiralty law is incomplete. . . .
>
> However, state law may not be applied by a federal court if it would defeat or narrow any substantial admiralty rights of recovery, either as created by federal legislation or as defined by interpretive decisions of the federal courts. In addition, state law may not be applied to "contravene an act of Congress, to prejudice the characteristic features of the maritime law or to disrupt the harmony it strives to bring to international and interstate relations." Even if state law does not contravene an established principle of admiralty, it may be deemed preempted if it is in direct contravention of the uniformity of the admiralty law in some crucial respect.

496 F.2d at 980 (citations omitted).

The Alaska penalty statute provides that an employer can be assessed a penalty of up to ninety (90) days of wages for failure to comply timely with a proper demand for payment. A.S. 23.05.140(d). By its terms, the statute is fully compatible with federal maritime law governing seamen's wage claims. Nor have defendants demonstrated any feature of federal maritime law that would be impaired or frustrated by application of A.S. 23.05.140 to coastwise seamen. Instead, defendants contend that since Congress deliberately deleted the wage penalty from the panoply of protections afforded seamen, Congress intended that no penalty be available, not even a statutory penalty such as A.S. 23.05.140 which is not restricted to seamen but applies across the board in favor of all employees. In effect, defendants suggest that the congressional action reveals an intent to insulate seamen's employers from any generally applicable state-created liability arising from nonpayment of wages.

■ This contention, however, finds no support in either legislative history nor authoritative decisions. The exemption enacted in § 544 simply reflected congressional recognition that it would be impractical to apply the elaborate scheme of the Shipping Commissioners Act to all vessels engaged in coastwise trade. *Gardner v. The Danzler,* 281 F.2d 719, 722 (4th Cir.1960); 1B Benedict, on Admiralty, § 62, 5–7 (7th ed. 1981). The Supreme Court has declared the purpose behind exempting coastwise vessels to be "the relief of vessels making relatively short voyages, with frequent opportunities for reaching ports, from burdensome requirements not then deemed essential to the welfare of seamen employed thereon." *Inter-Island Steam Navigation Company, Limited v. Byrne,* 239 U.S. 459, 462–63, 36 S.Ct. 132, 133–34, 60 L.Ed. 382 (1915). Rather than evidencing an intent that coastwise seamen not receive protections afforded other employees, the statutory predecessor to § 544 "reflects a legislative judgment that, at least to this extent, coastwise seamen *could be treated like other workers." Kowalik v. General Maritime Transport Co.,* 411 F.Supp. at 1327. (emphasis supplied).[4]

---

**4.** In *Kowalik,* Judge Frankel reasoned that since § 544 reflected congressional desire that coastwise seamen be treated no differently than other workers, § 301(a) of the Labor Management Relations Act applied. Therefore, before seeking federal court review of a claim for unpaid wages, the aggrieved seaman must first pursue grievance procedures designated in the collective bargaining agreement. *Compare, U.S. Bulk Carriers, Inc. v. Arguelles,* 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971). (The Supreme Court concluded that unlike other workers, seamen properly proceeding under § 596 need not first exhaust bargained for grievance procedures.)

Furthermore, penalties under Alaskan law appear quite modest when compared with the range permissible under federal law. Unlike § 596, A.S. 23.05.140 provides for single, not double wages, and has a penalty term limited to ninety (90) days. *Compare, Griffin v. Oceanic Contractors, Inc.,* —— U.S. ——, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982) (The Court approved a penalty in excess of $300,000 for nonpayment of $412.50 in wages.)

I conclude that application of A.S. 23.05.140 to coastwise seamen is compatible with federal maritime law. Accordingly, summary judgment in favor of the seamen's claims for wages and for penalties under A.S. 23.05.140 is GRANTED. Summary judgment in favor of defendants is GRANTED as to penalties under 46 U.S.C. § 596.

ORDERED ACCORDINGLY.