DELTA STEAMSHIP LINES, INC.,
Plaintiff-Appellant,

v.

AVONDALE SHIPYARDS, INC., et al.,
Defendants-Appellees.

No. 82–3625.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1985.

Robert S. Reich, Edward S. Bagley, New Orleans, La., for plaintiff-appellant.

Curtis R. Boisfontaine, New Orleans, La., Reeder R. Fox, Philadelphia, Pa., for Delavel.

A.R. Christovich, Jr., C. Edgar Cloutier, New Orleans, La., for Zurn.

## ON PETITION FOR REHEARING AND REHEARING EN BANC

(Opinion December 3, 1984, 747 F.2d 995)

Before CLARK, Chief Judge, BROWN, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellees move for rehearing and rehearing en banc calling our attention to three points of claimed error: (i) failing to apply Rule 52(a) clearly erroneous standard of review; (ii) awarding loss of profits resulting from the coupling changeout on the DELTA MAR; and (iii) failing to properly apply the Fleet Rule.

■ (i) As to Rule 52(a) clearly erroneous, we grant that there is not just one method of calculating detention damages. But whatever method is chosen, must produce an acceptable result. As we pointed out in our opinion, the method used by the trial court was legally impermissible because of the erroneous results. *See e.g.,* 747 F.2d at 1003, 1004, 1004 n. 27.

■ (ii) With respect to the item of $150,271.88 for loss of profits occasioned by the coupling changeout on the DELTA MAR, December 1–12, our re-examination of the record leads us to conclude that, as with the expenses of $28,009, (*see* 747 F.2d at 1010, 1011 n. 47) we should remand both items for further proof. This would include unrelated other work being done during the coupling changeout such as discharging cargo from the strike-bound vessel, loading cargo for the next voyage and the extent, if any, that the coupling changeout, alignment check, and similar related activities, extended the down-time due to the casualty.

■ (iii) As to the Fleet Rule, 747 F.2d at 1007–08, we inadvertently stated that "[t]he rule is intended for situations in which a vessel is removed from service through collision and is merely replaced by an idle substitute vessel from the plaintiff's fleet with no resulting loss of profit." (citation omitted). 747 F.2d at 1008. We correct this error by deleting the above sentence and amending that paragraph to read: "We conclude, however, that the Fleet Rule, whatever it is, should not be applied in this case. In this case, Delta operated a liner service and advertised every vessel specifically. There was testimony that there was cargo available for all of the vessels on the West African route and there was no evidence that cargo would not be forthcoming for the West African vessels when advertised. Thus by removing its vessels from the West African route, Delta lost the profits it would have earned. Neither equity or maritime law compels a victim to assume such a loss out of any sense of mitigation to the tortfeasor."

Otherwise, the application for rehearing is DENIED.

No member of the panel nor judge in regular active service of this court having

requested that the court be polled on rehearing en banc (Federal Rule of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.