**B.P. NORTH AMERICA TRADING, INC., Plaintiff-Appellee,**

v.

**The VESSEL PANAMAX NOVA, etc., et al., Defendants,**

**and**

**Way Wiser Navigation Corp., Claimant-Appellant.**

Nos. 84–2671, 84–2767.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1985.

Decided March 12, 1986.

---

Arthur E. Fisher, Francis S.L. Wang, Lee & Li, San Francisco, Cal., for plaintiff-appellee.

David M. Salentine, San Francisco, Cal., for claimant-appellant.

Before DUNIWAY and REINHARDT, Circuit Judges, and PFAELZER[*], District Judge.

DUNIWAY, Circuit Judge:

Claimant-appellant Way Wiser Navigation Corporation (Way Wiser) appeals from the district court's order granting $9,794 in attorneys' fees to plaintiff-appellee B.P. North America Trading, Inc. (B.P.) in a maritime attachment action. We reverse.

[*] The Honorable Mariana R. Pfaelzer, United States District Judge for the Central District of California, sitting by designation.

## FACTS

On August 29, 1984, B.P. filed a complaint against the vessel PANAMAX NOVA and its owner, Way Wiser, to enforce a maritime lien for fuel oil and services provided to the vessel. On September 7, the United States Marshal arrested the PANAMAX NOVA shortly after its entry into San Francisco Bay.

At the time of the arrest, the ship was carrying a cargo of highly volatile soft coal. Its crew had not received pay for approximately nine months and was experiencing severe morale problems. The crew was also running out of food and water. In order to safeguard the welfare of the ship, its cargo and its crew, the U.S. Marshal supplied food, wages, medical services and immigration assistance to the crew and took steps to prevent the volatile cargo from spontaneously combusting. B.P.'s attorneys assisted and supplemented the Marshal's efforts.

On September 26, the PANAMAX NOVA was released when Way Wiser agreed to pay the fuel bills at issue and to reimburse the U.S. Marshal for his costs in caring for the ship and crew during the period of its arrest. Way Wiser also deposited $10,000 with the clerk of the court as security against the court's decision whether to allow B.P. to recover attorneys' fees in the case.

On November 9, 1984, the district court awarded B.P. $9,794 in attorneys' fees. It held that under the special circumstances of the case, B.P.'s "extraordinary services rendered for the protection of the crew and the vessel, as well as the vessel's owner" entitled B.P. to recover the portion of its attorneys' fees it incurred in administrative activities. Way Wiser timely appeals.

## STANDARD OF REVIEW

A district court's award of attorneys' fees will be reversed only for abuse of discretion. *Lewis v. Anderson*, 9 Cir., 1982, 692 F.2d 1267, 1269. There is an

abuse of discretion when a court bases its decision on an erroneous conclusion of law or when the record contains no evidence on which the court could rationally have based its decision. *In re Hill,* 9 Cir., 1985, 775 F.2d 1037, 1040. The district court's conclusions of law are subject to *de novo* review. *Lewis,* 692 F.2d at 1269. Its findings of fact are reviewed under the clearly erroneous standard. *Id.*

## DISCUSSION

The prevailing party in an admiralty case is generally not entitled to an award of attorney's fees, absent statutory authorization. *Delta Steamship Lines v. Avondale Shipyards,* 5 Cir., 1984, 747 F.2d 995, 1011, as modified, 753 F.2d 378; *Noritake Co. v. M/V Hellenic Champion,* 5 Cir., 1980, 627 F.2d 724, 730–31; *American Union Transport Co. v. Aguadilla Terminal, Inc.,* 1 Cir., 1962, 302 F.2d 394, 396; *Mitchell v. Alaska Packers Association,* D. Alaska, 1981, [1982] A.M.C. 2796. The courts have developed several exceptions to this general rule, based on the equitable powers of a court of admiralty, *see Vaughan v. Atkinson,* 1962, 369 U.S. 527, 530, 82 S.Ct. 997, 999, 8 L.Ed.2d 88, or the peculiar nature of admiralty law, *see Delta Steamship,* 747 F.2d at 1011; *Noritake Co.,* 627 F.2d at 730 n. 5. In particular, attorneys' fees can be awarded out of a common fund. *See* E. Benedict, *The Law of American Admiralty* § 424 (6th ed. 1940). In this case, the district court, in awarding attorney's fees to B.P., relied on a combination of the traditional common fund doctrine, and the "substantial benefit" doctrine, which is a recent variation of the common fund doctrine.

These exceptions have a common purpose: to permit a plaintiff to recover a proportionate share of his costs from others who benefit from his efforts without contributing to them. *Mills v. Electric Auto-Lite Co.,* 1970, 396 U.S. 375, 391–92, 90 S.Ct. 616, 625–26, 24 L.Ed.2d 593; *Vincent v. Hughes Air West, Inc.,* 9 Cir., 1977, 557 F.2d 759, 769. They only apply, however, in a few well defined situations. The common fund exception entitles a plaintiff to a fee award only if he has created, discovered, increased or preserved a fund to which others also have a claim. *Alyeska Pipeline Service Co. v. Wilderness Society,* 1975, 421 U.S. 240, 257–58, 95 S.Ct. 1612, 1621–22, 44 L.Ed.2d 141; *Vincent,* 557 F.2d at 769. The award can then be recovered either from the fund or directly from the beneficiaries. *Alyeska,* 421 U.S. at 257, 95 S.Ct. at 1621. The less restrictive substantial benefits doctrine permits the plaintiff to recover attorneys' fees only "where the litigation has conferred a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." *Mills,* 396 U.S. at 393–94, 90 S.Ct. at 626–27. *Oldfield v. The Athletic Congress,* 9 Cir., 1985, 779 F.2d 505, 509. The benefit need not be monetary, but must be one that "corrects or prevents an abuse which would be prejudicial to the rights and interests" of the beneficiaries. *Mills,* 396 U.S. at 396, 90 S.Ct. at 627, quoting *Bosch v. Meeker Cooperative Light & Power Assn.,* 1960, 257 Minn. 362, 366–67, 101 N.W.2d 423, 426–27.

To justify an award of fees under either of these exceptions, the target of the award must, at minimum, stand "in such a relationship to the benefited class that the award will 'operate to spread the costs proportionately' and 'with some exactitude' among identifiable beneficiaries of the fee-seeker's success." *United States v. Imperial Irrigation District,* 9 Cir., 1979, 595 F.2d 525, 529 (quoting *Mills,* 396 U.S. at 394, 90 S.Ct. at 626 and *Alyseka,* 421 U.S. at 265 n. 39, 95 S.Ct. at 1625 n. 39), *rev'd in part and vacated in part on other grounds sub nom. Bryant v. Yellen,* 1980, 447 U.S. 352, 100 S.Ct. at 2232, 65 L.Ed.2d 184. *Vincent,* 557 F.2d at 770–71. Way Wiser does not meet this test. It and it alone was the beneficiary of B.P.'s actions on behalf of its ship. The crew, while beneficiaries of B.P.'s actions, are not in a position to share the costs of an award against their employer. For this reason,

they cannot serve as a "class of beneficiaries" within the meaning of either exception. There are no others who will share the cost of the award through the vehicle of a common fund, *see, e.g., Sprague v. Ticonic Nat. Bank*, 1939, 307 U.S. 161, 166, 59 S.Ct. 777, 780, 83 L.Ed.2d 1184 (bondholders); *Trustees v. Greenough*, 1881, 105 U.S. (15 Otto) 527, 532–33, 26 L.Ed. 1157 (beneficiaries of a trust fund); *Vincent*, 557 F.2d at 770–71 (settlements), or a common institution, *see, e.g., Hall v. Cole*, 1973, 412 U.S. 1, 8–9, 93 S.Ct. 1943, 1947–48, 36 L.Ed.2d 702 (award assessed against union shifted costs to union members who benefited from the plaintiff's suit); *Mills*, 396 U.S. at 396–97, 90 S.Ct. at 627–28 (minority shareholder's recovery from corporation shifted fees to all benefited shareholders). Without this sharing of costs among third party beneficiaries, an award against Way Wiser is simply an award against an opposing party, and as such is forbidden by the general admiralty rule.

Because this case is not within one of the established equitable exceptions to the general admiralty rule, "the litigant [B.P.] alone must bear the cost of the enrichment which may flow to others." *Southeast Legal Defense Group v. Adams*, 9 Cir., 1981, 657 F.2d 1118, 1122. The district court, therefore, erred as a matter of law in awarding B.P. attorneys' fees for its administrative services to the PANAMAX NOVA. This error was an abuse of discretion.

The order appealed from is reversed and the case is remanded to the District Court for further proceedings consistent with this opinion.