974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Boyd PORTER, Plaintiff-Appellee,
v.
O.S. SHYPOKE, Official No. 559 385, her engines, tackle,
gear, equipment and appurtenances, in rem, and
DAVE DREYER, SR., in personam, Defendant.
and
Lori DREYER; David J. Dreyer, II, Claimants-Appellants.
Boyd PORTER, Plaintiff-Appellant,
v.
O.S. SHYPOKE, Official No. 559 385, her engines, tackle,
gear, equipment and appurtenances, in rem, and
DAVE DREYER, SR., in personam, Defendant.
and
Lori Dreyer and Dave Dreyer, II, Claimants-Appellees.
Boyd PORTER, Plaintiff-Appellee,
v.
O.S. SHYPOKE, Official No. 559 385, her engines, tackle,
gear, equipment and appurtenances, in rem, and
Dave Dreyer, Sr., in personam, Defendant,
and
Lori Dreyer and Dave Dreyer, II, Defendants-Appellants.
 Nos. 91-35980, 91-36174 and 91-36175.
 United States Court of Appeals, Ninth Circuit.
 Sept. 15, 1992.
 
 Appeal from the United States District Court for the District of Alaska; Nos. CV-90-87-HRH, CV-90-087, HRH, H. Russel Holland, District Judge, Presiding.
 D.Alaska
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.
 Before HUG, D.W. NELSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Lori Dreyer, David Dreyer, and the O.S. SHYPOKE (collectively "the Dreyers") raise two issues on appeal. First, the Dreyers claim that the district court erred by granting summary judgment in favor of Porter on his claims for wages and crewshare because there were disputed issues of material fact regarding Porter's entitlement to the amounts claimed. Second, the Dreyers claim that the district court erred by awarding punitive damages to Porter under Alaska law. Porter cross-appeals alleging that the district court erred by not awarding attorneys' fees or prejudgment interest.
 
 
 3
 We agree with the Dreyers that summary judgment was inappropriate in this case. We remand for a trial to determine Porter's hourly wage and crewshare entitlements, and whether prejudgment interest on this compensatory award is appropriate. We reverse the wage enhancement because punitive damages cannot be awarded against a vessel in rem, but we affirm the district court's denial of attorneys' fees.
 
 
 4
 1. Standard of review.
 
 
 5
 We review de novo the district court's grant of summary judgment. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the Dreyers, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung, 873 F.2d at 1339-40.
 
 
 6
 2. Porter's claims for hourly wages.
 
 
 7
 The Dreyers claim that Porter is entitled to recover $1,368 in hourly wages less $1,400 in advancements already made. However, Porter claims a total of $7,200 in hourly wages, as well as an additional entitlement to crewshare, state wage enhancements, punitive damages, prejudgment interest, and attorneys' fees. Regarding Porter's claim to hourly wages, the district court, without any explanation, awarded Porter $6,200.
 
 
 8
 The Dreyers speculate that the $6,200 wage figure was determined by taking Porter's claimed entitlement to $7,200 and subtracting the $1,000 advancement Porter acknowledges having received. This theory is consistent with the record. However, we find no reason to speculate with regard to the district court's methodology. Affidavits filed by both parties dispute the total number of hours that Porter worked aboard the SHYPOKE, the rate at which Porter's hourly compensation should be computed, and whether overtime rates apply to some of the hours worked.
 
 
 9
 Reviewing the record de novo, we conclude that there are genuine issues of material fact that must be resolved at trial in order to calculate the amount of hourly wages owed to Porter. A genuine issue of material fact exists when a nonmoving party produces evidence on which a reasonable trier of fact could find in its favor, viewing the record as a whole in light of the evidentiary burden the law places on that party. United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 490 (9th Cir.1990). We remand for a determination of the hourly wages due to Porter.
 
 
 10
 3. Porter's claim for crewshare.
 
 
 11
 The affidavits in the record similarly contradict one another regarding the amount of crewshare for which Porter is entitled. The parties agree that Porter was to receive 6% of the gross catch of the SHYPOKE. However, the parties disagree on the actual gross value of the SHYPOKE's catch. Consequently, the Dreyers claim Porter is entitled to $3,900 in crewshare, which differs from the $14,400 claimed by Porter.
 
 
 12
 Porter alleges in his affidavit that the SHYPOKE most likely earned $3,000 per day and that it was at sea for 80 days. The district court apparently adopted these figures because $3,000 multiplied by 80 days equals $240,000 and 6% of $240,000 yields $14,400, which was awarded to Porter as crewshare. However, the Dreyers contend that the SHYPOKE only grossed $65,000 total, not $240,000, and they claim that Porter is therefore only entitled to $3,900 in crewshare. The Dreyers asserted this claim in their affidavit and submitted other evidence to corroborate it.
 
 
 13
 We conclude that the total amount grossed by the SHYPOKE, which must be determined to calculate the crewshare earned by Porter, is a genuine issue of material fact. We remand to the district court for a determination of the crewshare due to Porter.
 
 
 14
 4. Whether the statutory wage enhancement applies to Porter's wages.
 
 
 15
 In addition to the wage and crewshare awards, the district court also awarded Porter $21,600 as a penalty wage enhancement pursuant to Alaska Stat. §§ 23.05.140(b) and (d) (1990). Section 23.05.140(d) provides as follows:
 
 
 16
 If an employer violates (b) of this section by failing to pay within three working days of termination, the employer may be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount.
 
 
 17
 Alaska Stat. § 23.05.140(d) (1990). The district court erroneously applied this penalty statute to the SHYPOKE in rem. The statute on its face applies only against an employer and thus does not impose in rem liability. Furthermore, the statute is punitive and cannot be applied against a vessel in rem. Hunley v. Ace Maritime Corp., 927 F.2d 493, 496 (9th Cir.1991).
 
 
 18
 Hunley involved a collision at sea between two ships that had each failed to maintain a proper lookout. One of the ships, the EASTERN GRACE, did not stand by and render assistance as required under maritime law. The other colliding vessel subsequently sank. The district court in that case determined that the EASTERN GRACE was grossly negligent and awarded $25,000 in punitive damages to the claimant. However, we reversed the punitive damage award because it had been improperly assessed against the EASTERN GRACE in rem. Hunley, 927 F.2d at 496.
 
 
 19
 A maritime action in rem will only be available in connection with a maritime lien, and claims that do not create a maritime lien must be pursued in personam. Hunley, 927 F.2d at 496. In Hunley, we expressly held that a claim for punitive damages does not give rise to a maritime lien. Id. The wage enhancement assessed by the district court in the instant case cannot give rise to a maritime lien and, consequently, cannot be pursued in rem against the SHYPOKE.
 
 
 20
 The district court cited Sewell v. M/V Point Barrow, 556 F.Supp. 168 (D.Alaska 1983), in support of its wage enhancement award. However, Sewell awarded the statutory wage enhancement against the owners of several vessels in personam, not against the vessels themselves in rem. Sewell, 556 F.Supp. at 170. Sewell does not authorize the wage enhancement award assessed against the SHYPOKE in rem in this case.
 
 
 21
 Porter alleges that the statutory wage enhancement is compensatory rather than punitive. However, the Alaska Supreme Court has addressed that question and has determined that the statutory wage enhancement provided by section 23.05.140(d) is punitive. In Mitchell v. Smith, 742 P.2d 220, 223 (Alaska 1987), the Alaska Supreme Court stated the following:
 
 
 22
 A penalty is "a punishment fixed by law...." Webster's New World Dictionary, 1050 (2nd. College Ed.1972). The penalty provided at AS 23.05.140(d) is obviously intended to deter employers from withholding wages due their employees.... The wage penalty provision is not a component of the reasonable value of services, labor, materials or equipment furnished.
 
 
 23
 Mitchell, 742 P.2d at 223. Federal courts applying state law are bound by decisions of that state's highest court. Littlefield v. United States, 927 F.2d 1099 (9th Cir.), cert. denied, 112 S.Ct. 299 (1991).
 
 
 24
 The statutory wage enhancement provided by section 23.05.140(d) is punitive and, consequently, cannot be assessed against the SHYPOKE in rem. The award of $21,600 under Count Two is reversed.
 
 
 25
 5. Attorneys' fees.
 
 
 26
 Porter claims that the district court erred by failing to award attorneys' fees in this case. A district court's award of attorneys' fees will be reversed only for an abuse of discretion. B.P. North America Trading, Inc. v. Vessel Panamax Nova, 784 F.2d 975, 976 (9th Cir.), cert. denied, 479 U.S. 849 (1986). There is an abuse of discretion when the district court bases its decision on an erroneous interpretation of the law. Id. at 977. The facts of the instant case would make an award of attorneys' fees erroneous as a matter of law. Consequently, we affirm the district court's decision not to award fees.
 
 
 27
 The general rule that the prevailing party in an admiralty case is not entitled to attorneys' fees is firmly established by federal case law. See B.P. North America Trading, 784 F.2d at 977 (citing cases upholding the general rule). However, exceptions to the general rule allow the district court to award attorneys' fees in certain circumstances. Basically, the exceptions allow plaintiffs to recover a proportionate share of their costs from others who benefit from a judgment but do not contribute to the costs of obtaining the judgment. Id. at 977 (citing cases where attorneys' fees were awarded).
 
 
 28
 In the instant case, the sole beneficiary of any judgment against the Dreyers would be Porter. There is no class of beneficiaries from which contribution could be obtained. An attorneys' fees award in admiralty cases cannot be assessed only against an opposing party. No exception to the general rule exists in this case. As a matter of law, Porter is not entitled to attorneys' fees. The district court's decision not to award fees is affirmed.
 
 
 29
 6. Prejudgment interest.
 
 
 30
 Both the Dreyers and Porter agree that prejudgment interest on an award for hourly wages and crewshare is appropriate. This is not a contested issue. After the value of the compensatory damages is ascertained, the district court may award prejudgment interest.
 
 
 31
 AFFIRMED in part, REVERSED in part, and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3