68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert ZUCKER, et al., Plaintiffs-Appellees,
v.
OCCIDENTAL PETROLEUM CORP., et al., Defendants-Appellees,
Walter Kaufmann, Class Member, Objector and Appellant.
 No. 93-56714.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1995.
Decided Oct. 6, 1995.
 
 Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA,* District Judge.
 MEMORANDUM**
 This is a class action for securities fraud in which the parties entered into a settlement agreement, subject to the approval of the court. Walter Kaufmann ("Kaufmann"), a class member, filed a timely objection to the settlement agreement and proposed award of attorney's fees. Nonetheless, the district court approved the settlement and awarded attorney's fees of $2,975,000 to class counsel. Kaufmann appeals. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part and vacate and remand in part.
 On appeal, Kaufmann contends that the district court violated his due process rights, and that the fee award was excessive compared to the benefits to the class.
 DISCUSSION
 I. DUE PROCESS
 Kaufmann argues that his due process rights were violated because the district court did not allow any objection and did not hold an oral hearing. We review de novo the district court's conclusions regarding the due process claim. National Ass'n of Radiation Survivors v. Derwinski, 994 F.2d 583, 587 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993).
 A. Objections to Settlement
 Kaufmann quotes the following language from the notice to class members to support his due process denial claim: "in no event shall a person be heard in opposition to the Settlement."
 Kaufmann has taken this phrase out of context. Read in full, the district court merely required that objectors first file and serve notice and briefs: "in no event shall a person be heard in opposition to the Settlement ... unless, on or before March 1, 1993, such person (a) files with the Clerk of the Court notice of such person's intention to appear, together with a written brief ...; and (b) serves copies of any such notice, brief ... upon each of the attorneys."
 Contrary to Kaufmann's contention, the district court did permit class members to object. Indeed, Kaufmann himself filed objections to the settlement. The district court did not violate Kaufmann's due process right to object to the settlement.
 B. Right to Oral Hearing
 Kaufmann also contends that the district court violated his due process right to an oral hearing.
 "It repeatedly has been held that there is no constitutional right to present oral argument on a motion." 12 Wright & Miller, Federal Practice and Procedure Sec. 3091 at 184 (2d ed. 1973). See Morrow v. Topping, 437 F.2d 1155, 1156 (9th Cir.1971) (rejecting due process claim). Due process does not require an oral hearing in every situation. See, e.g., FCC v. WJR, the Goodwill Station, Inc., 337 U.S. 265, 275-76 (1949) (FCC may decide certain matters without oral hearing). The district court's waiver of oral argument in this case did not violate due process.[1]
 In his reply brief, Kaufmann argues for the first time that Mandujano v. Basic Vegetable Prod., Inc., 541 F.2d 832, 835 (9th Cir.1976), and Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1377 (9th Cir.1993), cert. denied, 114 S.Ct. 2707 (1994), neither of which is a due process case, require a different result. Because Kaufmann failed to raise this argument earlier, we decline to address it. See In re Frontier Properties, Inc., 979 F.2d 1358, 1368 (9th Cir.1992).
 II. ABUSE OF DISCRETION
 Because no constitutional right is involved, the district court's failure to hold an oral hearing is reviewed for an abuse of discretion. Spradlin v. Lear Siegler Management Serv. Co., 926 F.2d 865, 867 (9th Cir.1991). Further, even assuming the right to an oral hearing, we will not reverse absent a showing that denial of the right resulted in prejudice. Id. at 869.
 Kaufmann has not pointed to anything on the record that shows an abuse of discretion. Objecting class members were permitted to submit briefs in support of their positions. Kaufmann himself did so. Nothing in the record indicates that oral argument would have added to the district court's understanding of the issues before it or altered the outcome. The district court did not abuse its discretion in not permitting oral argument.
 III. ATTORNEY'S FEES
 Finally, Kaufmann challenges the award of $2,975,000 to plaintiffs' attorneys, in light of the "illusory" benefits to the plaintiff class.
 We review the award of attorney's fees for abuse of discretion. In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1296 (9th Cir.1994) ("WPPSS "). Although we would normally review findings of fact underlying an award of fees under the deferential, clearly erroneous standard, Lewis v. Anderson, 692 F.2d 1267, 1269 (9th Cir.1982), here there are no findings that can be reviewed.
 The district court did not articulate its reasons for concluding that the plaintiff class received a substantial benefit and that $2.975 million is an appropriate amount of fees to award. As a result, we cannot adequately review the fee award.
 Accordingly, "We vacate the fee award and remand for further consideration of the issue." WPPSS, 19 F.3d at 1302.
 CONCLUSION
 We affirm the district court's approval of the settlement agreement. However, we must vacate its fee award and remand that issue to the district court. Each side shall bear their, its or his own costs on appeal.
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It should also be noted that oral argument is not required by the Federal Rules of Civil Procedure. "To expedite its business the [district] court may make provision by rule or order for the submission and determination of motions without oral hearing...." Fed.R.Civ.P. 78. Accordingly, like many other district courts, the Local Rules of the Central District of California provide that a judge may "dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules." C.D.Cal.Local Rule 7.11. Other district courts in the Ninth Circuit have similar rules. See D.Alaska R. 5(C)-(D); D.Ariz.R. 1.10(f)(2); E.D.Cal.R. 230(h); N.D.Cal.R. 220.1; S.D.Cal.R. 7.1(d)(1); D.Haw.R. 220-2(d); D.Idaho R. 7.1(c); D.Mont.R. 220-1(a); D.Nev.R. 140-9; E.D.Wash.R. 7(h)(3); W.D.Wash.R. 7(b)(6)