**Nicholas J. BENETIC and Sandra L. Benetic, as Trustees of the Benetic Family Trust dated September 22, 1993, Plaintiffs–Appellants,**

v.

**M/Y ATHENA ALEXANDER, Official No. 1083 627 and her engines appurtenances etc, in rem; et al., Defendants–Appellees.**

No. 03–56441.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Bunker Hill Fin Ctr, Los Angeles, CA, for Plaintiff–Appellant.

Sandra L. Benetic, Los Angeles, CA, pro se.

Susan McDermott Mercer, Esq., Buchalter, Newer, Fields & Younger, Donald J. Sands, Esq., Brent G. Cheney, Esq., Steefel, Levitt & Weiss, Los Angeles, CA, Paul J. Marron, Esq., Marron & Associates, Long Beach, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Nicholas and Sandra Benetic, on behalf of their family trust, appeal pro se the district court's judgment and post-judgment orders in their maritime action seeking damages caused when M/Y Athena Alexander allied with S/V Buenos Aires on June 27, 1999. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003), questions of law in admiralty, *Howard v. Crystal Cruises, Inc.*, 41 F.3d 527, 529 (9th Cir.1994), and selection of the legal standard for computation of damages, *id.* at 530. We review for clear error the factual findings of a district court sitting in admiralty, *Chan v. Society Expeditions, Inc.*, 123 F.3d 1287, 1290 (9th Cir. 1997), and the computation of damages following a bench trial, *Howard*, 41 F.3d at 530. We affirm.

The district court correctly determined that Bayport Yachts, Inc., did not have an ownership interest in, or title to, M/Y Athena Alexander at the time of the allision and therefore properly granted

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

summary judgment dismissing Bayport Yachts, Inc. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir.2000).

The district court correctly assessed the cost of repair to the Benetics' vessel, *see Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1436 (9th Cir.1984), correctly denied damages for lost profits, *see Fireman's Fund Ins. Cos. v. Big Blue Fisheries, Inc.*, 143 F.3d 1172, 1177 (9th Cir.1998), correctly denied damages for loss of use, *see Oppen v. Aetna Ins. Co.*, 485 F.2d 252, 257 (9th Cir.1973), correctly denied attorneys fees, *see B.P. North America Trading, Inc. v. Vessel Panamax Nova*, 784 F.2d 975, 977 (9th Cir.1986), correctly awarded prejudgment interest reduced by the period of undue delay caused by the Benetics' appeals to this Court, *see Dillingham Shipyard v. Associated Insulation Co., Ltd.*, 649 F.2d 1322, 1328–29 (9th Cir.1981), and correctly denied punitive damages, *see In re Marine Sulphur Queen*, 460 F.2d 89, 105 (9th Cir.1972).

The district court did not err when it ordered defendants to post a security bond in lieu of issuing a warrant for the arrest of M/Y Athena Alexander. *See* Fed.R.Civ.P. C(3)(a)(ii)(A), E(2)(b), E(5); U.S. Dist. Ct., Central Cal., Local Rule II(C)(1); *Alyeska Pipeline Serv. Co. v. Vessel Bay Ridge*, 703 F.2d 381, 384 (9th Cir.1983).

The district court did not abuse its discretion when it made its evidentiary rulings. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003).

Appellants' remaining contentions, including those of judicial bias, are without merit.

AFFIRMED.