**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION, | No. 20-15898 |
| ------------------------------ | D.C. No. 4:16-cv-05541-JST |
| FIRE & POLICE PENSION ASSOCIATION OF COLORADO; THE CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | MEMORANDUM* |
| Plaintiffs-Appellees, | |
| v. | |
| EDWARD W. COCHRAN, | |
| Objector-Appellant, | |
| v. | |
| WELLS FARGO & COMPANY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 14, 2021[]
San Francisco, California

Before:  THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Objector-Appellant Edward Cochran appeals the district court's award of attorney's fees in a shareholder derivative action brought on behalf of Wells Fargo & Company against the company's management.  The district court revised downwards from a 25% benchmark to grant attorney's fees of 22% ($52 million) after considering the results achieved, risk and burden endured, and similar cases, then performed a lodestar cross-check for reasonableness.  We affirm.

We review "the district court's award of attorney's fees and costs . . . as well as its method of calculating the fees" for abuse of discretion.  *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc).[1]

Cochran argues that the district court "erroneously anchor[ed] its fee award

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] We assume cases dealing with attorney's fees in class action settlements generally apply to attorney's fees in shareholder derivative action settlements due to shared common fund doctrine principles.  *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995); *Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir. 1982); *see also Powers v. Eichen*, 229 F.3d 1249, 1255–56 (9th Cir. 2000); *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142, 149 (Del. 1980).

to the Circuit's 25% benchmark and Co-Lead Counsel's 28.33% request."[2]

Instead, he says the court should have used a lower percentage as a benchmark, such as around 11% or 17.5%.

The district court is required only to reach a reasonable percentage after "consider[ing] all the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). While we have repeatedly held the 25% benchmark "is of little assistance in megafund cases," such as this one, we have *required* a different benchmark in only one instance. *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 934 (9th Cir. 2020). When counsel "propos[es] a fee structure in a competitive bidding process, that bid," not a percentage benchmark, "becomes the starting point for determining a reasonable fee." *Id.* But there were no fee structures proposed here.

Cochran bases his 11% benchmark on a 2016 document in an unrelated case that purportedly showed how much the rejected counsel candidate charged *ex ante* in 2005 in yet another case. Because there was no competitive fee-based bidding process here, *Optical Disk Drive*'s benchmark requirement does not apply here and Cochran's 11% benchmark is inapt. *See id.*

---

[2] Cochran also challenges the district court's factual findings, including its valuation of the results and assessment of the risk, and argues the district court should have used the lodestar method. Both arguments were waived as Cochran failed to raise them before the district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

Cochran proposes a 17.5% benchmark based on a study reflecting that the mean percentage of recovery in connection with settlements of this size is 17.9%. But the district court had already reasonably considered this study (and others) in analyzing the circumstances and found they "weigh[ed] in favor of" a slightly reduced award.

The district court considered the circumstances—including the results achieved, the risk and burden endured, and similar cases—in reaching a reasonable percentage. "We have affirmed fee awards totaling a far greater percentage of the . . . recovery than the fees here," including fees of 28% and 33%. *Hyundai*, 926 F.3d at 571 (citations omitted).[3] There was no abuse of discretion here.

**AFFIRMED.**

---

[3] The district court erred when performing a cross-check for reasonableness using the lodestar method because it summarily dismissed objections to the rates of staff attorneys without analysis or reasoning. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015). However, even accepting Cochran's calculations, the 3.8 lodestar multiplier cross-check does not show the final percentage was unreasonable. *See Vizcaino*, 290 F.3d at 1052 (finding six out of 24 lodestar cases listed had a multiplier of 3.6 or greater); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (we "may affirm on any ground supported by the record").